[Civil No. 2180.　Filed June 6, 1924.]

[226 Pac. 529.]

LEE ARNETT, Appellant, v. J. H. SMITH, as Clerk of the Superior Court of Mohave County, Arizona, Appellee.

1. MANDAMUS—NOT ISSUED WHERE PLAINTIFF HAS REDRESS BY APPEAL.—Where, if order vacating judgment and allowing answer to be filed was erroneous, plaintiff had redress by appeal, under Civ. Code 1913, paragraph 1554, *mandamus* will not lie to compel reinstatement of judgment.

2. MANDAMUS—AVAILABLE ONLY ON CONDITION THAT OTHER REMEDY IS UNAVAILING. — *Mandamus* is only available on condition that other remedy is unavailing.

3. MANDAMUS—WILL NOT LIE TO COMPEL CLERK TO PERFORM DUTY, CONTUMACIOUSLY REFUSED, WHERE PLAINTIFF HAD REMEDY ON OF-

_____

1. See 18 R. C. L. 114; 22 R. C. L. 494.

FICIAL BOND.—Even though clerk of court contumaciously refused to issue execution on judgment, where plaintiff had plain and adequate remedy at law by action against clerk and bondsmen for his failure to perform duty, *mandamus* will not lie to compel clerk to issue execution.

APPEAL from a judgment of the Superior Court of the County of Mohave. E. Elmo Bollinger, Judge. Appeal dismissed.

Mr. Weldon J. Bailey, for Appellant.

LYMAN, J.—This appeal is from an order of the superior court of Mohave county, denying the application of appellant for a writ of *mandamus,* which appellant had prayed to be directed to the appellee, Smith, as clerk of that court, requiring him to issue a writ of execution in the case of Arnett *v.* Stephens, in which the petition for a *mandamus* alleges there was a judgment subsisting and unsatisfied in that court.

It appears from the record here that judgment in the Arnett *v.* Stephens case was rendered upon personal service on December 30, 1920, from which no appeal was taken; but on September 12, 1921, more than a year later, that court made an order vacating the judgment and allowing an answer to be filed to the complaint upon the application of defendant in that case.

The appellant here contents himself with attempting to show that the order of the court setting aside the judgment was without jurisdiction. That, however, is not sufficient to entitle him to the form of relief for which he is asking. If the order vacating the judgment was unlawful, the plaintiff in that case, who is. the appellant here, had a broad and plain way of redress by means of the usual and ordinary processes of the law, without seeking any extraordinary remedy, which is available to him only upon condition that

See 26 **Cyc.** 168, 173.

the other is not available. He had his right of appeal in the premises, and if he failed to avail himself of it, his rights are not enlarged because of such neglect; certainly not without some showing, which he does not attempt to make. Civil Code of Arizona, par. 1554; *Lynch* v. *Arizona Enterprise Mining Co.,* 20 Ariz. 250, 179 Pac. 956.

But even accepting as entirely tenable the appellant's basis of application for this writ, that the clerk of the court was contumaciously refusing to perform his plain legal duty in the premises, he would not even then be entitled to this extraordinary remedy, since there is still another "plain and adequate remedy of law" by an action of damages against the clerk and his bondsmen for his failing to perform his duty. *Goodwin* v. *Glazer,* 10 Cal. 333.

The appeal is dismissed.

McALISTER, C. J., and ROSS, J., concur.