269 P.2d 720

ZUNIGA

v.

SUPERIOR COURT OF STATE, IN AND FOR MARICOPA COUNTY et al.

No. 5892.

Supreme Court of Arizona.

April 26, 1954.

Kenneth Biaett, Glendale, for petitioner.

William P. Mahoney, Jr., Maricopa County Atty., John F. Conner, Chief Deputy County Atty., Phoenix, for respondents.

UDALL, Justice.

This is an original proceeding in mandamus initiated by petitioner, Joe Zuniga, seeking to compel respondent, Charles C. Bernstein, presiding Judge of Division 3 of the Superior Court of Maricopa County, to hear and determine petitioner's complaint for divorce.

The facts are these: petitioner, as plaintiff, through his attorney filed a complaint in cause No. 34489 against defendant, Alice Zuniga, his wife, praying that he be granted a decree of divorce. Teodora Salinas, a sister of petitioner, made affidavit that defendant was a nonresident of the State of Arizona and that her residence was unknown to the plaintiff or herself. Upon this affidavit defendant was purportedly served with a copy of summons by publication, and some time later the clerk entered defendant's default. Plaintiff being then in the armed forces stationed in Germany and unable to attend the trial in person, the judge of Division 2 entered an order authorizing the taking of plaintiff's deposition, which was thereafter taken and filed in said cause. In due time the cause was assigned by the judge of the assignment division of said court to Division 3, presided over by respondent, for trial. On the appointed day

plaintiff's attorney, accompanied by Teodora Salinas, the sister of plaintiff, appeared before said court and asked that the trial proceed. Counsel announced that the sister would testify from her own knowledge as to the truth of all allegations contained in the complaint, and that the deposition of plaintiff would be offered in evidence. For reasons which are hereinafter stated, the respondent judge did not enter upon a hearing but upon his own motion made the following order: "Order: transferring this case back to the Assignment Clerk for further disposition."

As no appeal would lie from this order and petitioner conceived that he was without remedy, application was made to us for an alternative writ of mandamus to compel respondent judge to conduct a hearing on the case. Notice of the application was given respondent in accordance with our rules, but no appearance being made on the date set we issued an alternative writ of mandamus. Thereafter respondent filed an answer to the writ, supported by his affidavit. The matter having been fully briefed by both parties, oral argument was waived and the case submitted for decision.

Respondent takes the position that initially he had a right to recuse himself on his own motion, even though he was not acquainted with either of the parties, because of a bias against the interest of plaintiff (petitioner) due in part to a prejudice against hearing a divorce matter where he would be denied the opportunity of confrontation with the plaintiff-witness. Petitioner on the other hand contends, it would seem, that he has a legal right to have respondent judge and none other hear his case.

■ This is an unusual situation, as in matters of this kind a litigant is usually endeavoring to effect the disqualification of a presiding judge. This case is readily distinguishable from our decision in Arizona Conference Corp. v. Barry, 72 Ariz. 74, 231 P.2d 426, for there the judge had conducted a hearing on an order to show cause for a temporary injunction and had made rulings on litigated and contested matters. We held under those circumstances that he might not be disqualified by an affidavit of bias and prejudice, for having put his hand to the plow he must go through to the end of the row. Certainly the supreme court will not permit a superior court judge to shirk a judicial duty which he should perform, any more than it will sanction the unauthorized exercise of authority that does not belong to him. However, the intent of our rules and statutes is to have cases tried by judges who are not biased or prejudiced in any particular. Therefore we hold that a judge may on his own motion, if he acts timely, recuse himself even though the reason given might not be sufficient to form the basis of a legal disqualification, Cf. State v. Blackwell, 65 Nev. 405, 425, 198 P. 2d 280, 200 P.2d 698, certiorari denied, 336 U.S. 939, 69 S.Ct. 742, 93 L.Ed. 1097; and State ex rel. McFerran v. Justice Court of Evangeline Starr, 32 Wash.2d 544, 202 P.2d

927. Where this is done it is presumed that litigants will be given an opportunity to try their case without undue delay before an impartial judge.

Respondent asserts another reason why mandamus will not properly lie under the facts herein detailed. The Constitution of Arizona, Article 6, Section 4, grants to this court original jurisdiction to issue writs of mandamus. Section 28–201, A.C.A.1939, provides that the writ may issue " * * * to compel the performance of an act which the law specially imposes as a duty resulting from an office * * * and there is not a plain, speedy and adequate remedy at law." The nature of the remedy of mandamus was discussed by us in Campbell v. Hunt, 18 Ariz. 442, 162 P. 882, 884:

" * * * The writ hereunder is not, except in a limited sense, prerogative in character. I think it may accurately be said that it issues of right, but not as a matter of course. It does not issue where there is a plain, speedy, and adequate remedy in the ordinary course of law, and ought not to issue as a matter appealing to the legal discretion of the court, when the applicant does not substantially demonstrate the propriety and justice of his case. It is rather an extraordinary and expeditious legal remedy, which proceeds in every case upon the assumption that the applicant has an immediate and complete legal right to the thing demanded. * * * "

Cf. Winsor v. Hunt, 29 Ariz. 504 at page 521, 243 P. 407 at page 413. See, also, Dey v. McAlister, 19 Ariz. 306, 169 P. 458, and State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726, 96 A.L.R. 539. Speaking of the existence and availability of other remedies, the text writer in 34 Am.Jur., Mandamus, Section 42, states in part:

"Invented, as it was, for the purpose of supplying defects in justice, mandamus does not supersede legal remedies. To warrant the court in issuing the writ, it must appear that the complaining party has a clear and legal right to the performance of the particular duty sought to be enforced and that he has no other plain, adequate, and complete method of redressing the wrong or of obtaining the relief to which he is entitled, so that without the aid of the writ there would be a failure of justice. According to the practice in most jurisdictions, the writ of mandamus does not issue if any other remedy exists which is fully adequate. * * * "

Applying these principles to the case at bar, it is clear mandamus will not lie. We agree petitioner has a legal right to have the superior court hear his complaint for divorce and enter a judgment thereon. However, we cannot see that petitioner has any legal right to have respondent, Judge Bernstein, or any other particular judge of the superior court, hear the matter. When respondent announced his

bias and prejudice for the reasons heretofore stated, refused to hear the case, and returned it to the assignment clerk, petitioner had an adequate and complete remedy, namely, that he should request the judge of the assignment division to assign the cause to one of the seven other judges of the superior court of Maricopa County, or to a judge called in from another county, all of which is authorized under rules of practice and under Article 6, § 7, of the Constitution of Arizona.

The alternative writ of mandamus is quashed.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.