412 P.2d 45

STATE of Arizona ex rel. Robert K. COR-
BIN, County Attorney for Mari-
copa County, Applicant,

v.

SUPERIOR COURT of the State of Arizona
IN AND FOR the COUNTY OF MARI-
COPA and the Honorable Val A. Cordova
as Judge thereof, Justice Court, Northwest
Phoenix Precinct, County of Maricopa,
State of Arizona, and the Honorable C.
Stanley Kimball as Justice of the Peace
thereof, Andrew Albert Hooker, Robert
Raymond Dearborn, and Joseph Ralph Mel-
endrez, Respondents.

No. 8722.

Supreme Court of Arizona.

En Banc.

March 9, 1966.

---

John A. Golden, Deputy County Atty., for applicant.

Roger W. Kaufman, Theodore Matz, Stuart Schoenburg, Phoenix, for respondents.

McFARLAND, Justice.

Robert K. Corbin, County Attorney, Maricopa County, filed a petition for a writ of prohibition against Val A. Cordova, Judge of the Superior Court, Maricopa County. The same came on for hearing on the 7th day of February 1966. We issued an alternative writ with a written decision to follow.

Real parties in interest herein are respondents Andrew Albert Hooker, Robert Raymond Dearborn and Joseph Ralph Melendrez, all defendants named in a criminal complaint charging unlawful possession of marijuana upon which a preliminary hearing was commenced on the 20th day of October 1965 in respondent Justice Court, Northwest Phoenix Precinct, Maricopa County, in Cause No. 9120.

During the course of the preliminary hearing defense counsel cross-examined a narcotics officer of the City of Phoenix Police Department, who testified he had used certain written police data, prepared by others in the Police Department from his original notes, to refresh his memory prior to commencement of the hearing. A copy of the written report was at that time in the possession of the deputy county attorney representing the state at the hearing. Defense counsel thereupon requested said data for purposes of impeachment. The deputy county attorney refused, and respondent justice of the peace ruled in favor of the state. The hearing was thereupon continued.

Defense counsel for the three real parties in interest then made joint application to Judge Cordova for a writ of mandamus directed to the respondent justice court, commanding production of the report for use in cross-examination of the officer at the preliminary hearing. Judge Cordova ordered the writ to issue which commanded the respondent justice court:

"* * * forthwith to enter a ruling entitling the petitioners' attorneys to examine the notes and other written reports prepared by Police Officer Dennis Dierking in connection with the matters testified to by him in the preliminary hearing presently being held

in Cause No. 9120 in the Justice Court of Northwest Phoenix Precinct, County of Maricopa, State of Arizona."

The preliminary hearing was resumed on the 10th day of December 1965 before the respondent justice court, at which time defense counsel for the three respondents orally requested the data in accordance with the writ of mandamus. The deputy county attorney refused to turn the data directly over, but offered to submit it to the respondent justice of the peace for inspection to excise those portions not related to the subject matter testified to on direct examination and other data not constituting impeachable matter. This offer was rejected by Justice Kimball, who then granted a motion for continuance for the purpose of allowing the state to challenge the writ of mandamus. We granted the alternative writ of prohibition for the purpose of determining whether the writ of mandamus issued by the superior court was the appropriate remedy.

A.R.S. § 12–2021 provides that a writ of mandamus may issue from a superior court of the State of Arizona directed to an inferior tribunal, but the writ is not to issue where there exists a "plain, adequate and speedy remedy at law." Rhodes v. Clark, 92 Ariz. 31, 373 P.2d 348; Sines v. Holden, 89 Ariz. 207, 360 P.2d 218; Zuniga v. Superior Court, 77 Ariz. 222, 269 P.2d 720; Arnett v. Smith, 26 Ariz. 430, 226 P. 529; Taylor v. Tempe Irrigating Canal Co., 21 Ariz. 574, 193 P. 12; Campbell v. Hunt, 18 Ariz. 442, 162 P. 882. In Zuniga v. Superior Court, supra, we said:

"* * * The nature of the remedy of mandamus was discussed by us in Campbell v. Hunt, 18 Ariz. 442, 162 P. 882, 884:

"'* * * The writ hereunder is not, except in a limited sense, prerogative in character. I think it may accurately be said that it issues of right, but not as a matter of course. It does not issue where there is a plain, speedy, and adequate remedy in the ordinary course of law, and ought not to issue as a matter appealing to the legal discretion of the court, when the applicant does not substantially demonstrate the propriety and justice of his case. It is rather an extraordinary and expeditious legal remedy, which proceeds in every case upon the assumption that the applicant has an immediate and complete legal right to the thing demanded. * * *'

Cf. Winsor v. Hunt, 29 Ariz. 504 at page 521, 243 P. 407 at page 413. See, also, Dey v. McAlister, 19 Ariz. 306, 169 P. 458, and State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726, 96 A.L.R. 539. Speaking of the existence and availability of other remedies, the text writer in 34 Am.Jur., Mandamus, Section 42, states in part:

" 'Invented, as it was, for the purpose of supplying defects in justice, mandamus does not supersede legal remedies. To warrant the court in issuing the writ, it must appear that the complaining party has a clear and legal right to the performance of the particular duty sought to be enforced and that he has no other plain, adequate, and complete method of redressing the wrong or of obtaining the relief to which he is entitled, so that without the aid of the writ there would be a failure of justice. According to the practice in most jurisdictions, the writ of mandamus does not issue if any other remedy exists which is fully adequate. * * * ' " 77 Ariz. at 225, 269 P.2d at 722

 We have recognized the existence of remedies available to those defendants aggrieved by events which have occurred at their preliminary hearings. In State v. Essman, 98 Ariz. 228, 403 P.2d 540, we stated that both habeas corpus, A.R.S. § 13–2001 et seq., and a motion to quash the information, Rule 166 et seq., Rules of Criminal Procedure, 17 A.R.S., are available to those parties who claim their preliminary hearings were inadequate.

The object of preliminary hearings would be defeated if defendants aggrieved by adverse rulings of Justices of the Peace during the course of preliminary hearings were allowed to look to the superior court for supervision over such rulings by mandamus prior to final determination of the hearing. We therefore hold mandamus was not an appropriate remedy.

The alternative writ of prohibition is hereby made permanent.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.