429 P.2d 498

Robert L. PEART, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MOHAVE, Honorable Porter Murry, Presiding Judge, and Letha Gertrude Peart, the real party in interest, Respondents.

No. 1 CA–CIV 632.

Court of Appeals of Arizona.
June 27, 1967.

Mangum, Christensen & Wall, by Daniel J. Stoops, Flagstaff, for petitioner.

Kennedy & Langford, by William C. Kennedy, Kingman, for respondent, real party in interest.

STEVENS, Judge.

The petitioner sought to enjoin the Respondent Judge from honoring an affidavit of bias and prejudice which had been filed in the Superior Court by the Respondent Real Party in Interest. An informal hearing was held in relation to the petition pursuant to Rule 1 of the Arizona Supreme Court, 17 A.R.S. and we thereafter issued an order enjoining the Respondent Judge from honoring the affidavit of bias and prejudice. This opinion expresses the reasons for the entry of the order.

The petitioner is the plaintiff in a divorce action filed in Mohave County. The resident Superior Court Judge of Mohave County desired to step aside. He tentatively selected a Superior Court Judge from Coconino County to preside in the cause but no order of assignment was made. In the Superior Court, after an informal conference with the attorneys of record in the cause, the same was assigned to the respondent Judge who is the resident Judge of Greenlee County.

The resident Judge of Mohave County was at liberty to step aside. Zuniga v. Superior Court, 77 Ariz. 222, 269 P.2d 720 (1954); State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962). The resident Judge of Mohave County was not requested to step aside and the situation presented is not similar to that set forth in American Buyers Life Insurance Company v. Superior Court, 84 Ariz. 377, 329 P.2d 1100 (1958). On 4 April 1967, the respondent Judge presided at the hearing on an order to show cause in relation to preliminary matters concerning the pending divorce action. The reporter's transcript of the hearing discloses that several pendente lite matters were settled on stipulation, and that the respondent Judge took under advisement the matter in relation to pendente lite attorneys fees. We are not informed as to his ruling in that connection. A request was made by the defendant in the divorce action, the respondent real party in interest before this Court, for an allowance for the payment of appraisers fees and the respondent Judge postponed the matter of compensation for appraisers to be hired by the defendant until the time of trial. To this point nothing had transpired in connection with the pending divorce action which would preclude either party from filing an affidavit of bias and prejudice pursuant to A.R.S. Section 12–409.

■ The respondent Judge concluded the hearing on the order to show cause by stating, "I think we will stand in recess for five or ten minutes and then start the pre-trial". The minutes of the court recite:

"The Matter comes on at this time for pre-trial conference.

"Recess at 11:10 A.M. for the parties involved to attempt to come to an agreement.

"Reconvene at 1:45 P.M.

"All parties heretofore mentioned are present.

"The Court found that both parties were willing to stipulate as follows: * * *"

Thereafter the minutes reflect certain stipulations which had been entered into. We construe the language "The Court found that both parties were willing to stipulate as follows" to reflect the fact of the entry of the stipulations in relation to the matters which are recited in the minutes.

On 5 June 1967, the defendant filed an affidavit of bias and prejudice with reference to the respondent Judge and the plaintiff brought the matter before us by the petition which we now have under consideration.

■ Pre-trial conferences are governed by Rule 16 of the Rules of Civil Procedure, 16 A.R.S. and Rule VI of the Uniform Rules of Practice, 17 A.R.S. Rule 16 envisions "(t)he simplification of the issues * * * (t)he possibility of obtaining admissions of fact * * *" and "(s)uch other matters as may aid in the disposition of the action". The rule further provides that the court shall make an order reciting "the agreements made by the parties as to any of the matters considered" and that "(t)he order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice". Rule VI provides that the attorneys attending the pre-trial conference "shall have complete authority to make stipulations". The rule directs that the Judge prepare a pre-trial order reciting "(a)ny admissions or stipulations of the parties". While it is true that the rule contemplates that the order be reduced to writing and signed by the Judge, we hold that those matters which are set forth in the minutes are binding as a pre-trial order notwithstanding the lack of formality and strict compliance with all of the terms and provisions of the two rules relating to pre-trial conferences. Rule 80(d) of the Rules of Civil Procedure provides that "(n)o agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes". In addition to the provisions set forth in the rules, the case law of Arizona recognizes that parties are bound by their stipulations unless relieved therefrom by the court. Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956, 33 A.L.R.2d 769 (1952).

■ There was no uncertainty as to the fact that the pre-trial Judge would also be the trial Judge. The case of Newsom v. Superior Court, 102 Ariz. 95, 425 P.2d 422 (1967) is not controlling. We hold that the trial had commenced when the court commenced the pre-trial conference and that it was thereafter too late to file an affidavit of bias and prejudice.

The order heretofore issued enjoining the respondent Judge from honoring the affidavit of bias and prejudice is herewith reaffirmed.

CAMERON, C. J., and DONOFRIO, J., concur.