481 P.2d 873

**Edna R. GUARD, a divorced woman, Appellant,**

**v.**

**The COUNTY OF MARICOPA of the State of Arizona, a body politic, and the Department of Property Valuation of the State of Arizona, Appellees.**

**No. I CA–CIV 1155.**

Court of Appeals of Arizona, Division 1.

March 10, 1971.

Rehearing Denied April 15, 1971.

Review Denied June 15, 1971.

Edna R. Guard, Phoenix, in pro. per.

Beer & Kalyna, by Olgerd W. Kalyna, Phoenix, for appellee Maricopa County.

Gary K. Nelson, Atty. Gen., by Leonard Bell, Asst. Atty. Gen., Phoenix, for appellee Dept. of Property Valuation.

HATHAWAY, Judge.

Mrs. Guard, pursuant to A.R.S. §§ 42–245 and 245.01, appealed to the superior court for the reason that she was dissatisfied with the valuation of her property. Although four parcels were involved in the lower court proceedings, the appellant's contentions on appeal are with respect to only two improved parcels. We therefore confine our consideration to them.

## PARCEL NO. 118–48–80

This property is located on North Central Avenue, adjacent to a lot located on the southwest corner of North Central and West Vernon Avenues, in Phoenix, Arizona. With respect to this parcel, it is appellant's

position that she was foreclosed from proving discriminatory practices on the part of the assessing officials. The minute entries reflect that appellant testified, as did the owner of the adjacent corner lot. The trial court then released from subpoena any witnesses who could not testify as to the value of the plaintiff's property. In other words, we glean from the sparse record before us that the trial court did not consider it appropriate in these appeal proceedings to consider the valuation placed on adjoining parcels of land.

We find no error in the trial court's limitation. When the basis of a taxpayer's complaint is that of discrimination in assessment of property as compared to other like properties, this issue of discrimination cannot be tried and decided by way of the appeal remedy. McCluskey v. Sparks, 80 Ariz. 15, 291 P.2d 791 (1955); Southern Pacific Company v. Cochise County, 92 Ariz. 395, 377 P.2d 770 (1963); Bade v. Drachman, 4 Ariz.App. 55, 417 P.2d 689 (1966).

A.R.S. § 42–147, subsec. B provides:

"At the hearing both parties may present evidence of any matters that relate to the full cash value of the property in question as of the date of its assessment. * * * *"

As a prerequisite to judicial determination of the full cash value of the property, the trial court must first find that the valuation is excessive. Navajo County, Arizona, et al. v. Four Corners Pipe Line Company, 106 Ariz. 511, 479 P.2d 174 (1970); A.R.S. § 42–147, subsec. C. As stated in the *Navajo County* case:

"It is the opinion of this Court that the focus of the evidence in the court below should have been directed to the question of whether the method of assessment used by the Department of Property Evaluation was fundamentally unfair, arbitrary, fraudulent, or equitably excessive. In the instant case such a finding is jurisdictional to any consideration of a different system." 479 P.2d at 182.

On appeal, the appellant has the burden of demonstrating to this court that

there was error committed below. And upon failure to do so, we have no alternative but to affirm. Zuniga v. City of Tucson, 5 Ariz.App. 220, 425 P.2d 122 (1967). Appellant has not demonstrated to us that she overcame the presumption of validity of the valuation of this parcel of property. We therefore find no error.[1]

### PARCEL NO. 132–72–24

This property is located on South Price Road in Tempe, Arizona. The assessor's valuation was $4,595 ($1,870 for the land and $3,725 for improvements). However, at the time of trial, the county offered to adjust the total valuation to $4,000, based on an appraisal report.

The judgment which places a $4,000 full cash value on the subject parcel, recites in part:

"* * * and the parties having entered into stipulations in open Court as to the full cash values of said properties hereinafter described * * *."

The minute entries reflect the following:

"LET THE RECORD SHOW that the court met with the parties informally in chambers and an agreement was reached as to (3) parcels and a partial agreement as to the fourth parcel.

* * * * * *

As to the Parcel No. 132–72–24, it was stipulated that the full cash value of the property for 1968 tax purposes would be: Land– $3,200.00; Improvements– $800.00; Classification for Assessment Purposes– 25%."

Appellant now complains that her appeal was directed only to the valuation of the improvements and therefore the value of the land could not be increased from $1,870 to $3,200. Although it is debatable whether appellant could appeal from only the improvements portion of the total valuation, See Appeal of Rieck Ice Cream Co., 417 Pa. 249, 209 A.2d 383 (1965); McKnight Shopping Center, Inc. v. Board of Prop. Assess., Appeals & Review of Allegheny County, 417 Pa. 234, 209 A.2d 389 (1965), the posture of this case obviates the need to address ourselves to this question.

■■ Parties are bound by their stipulations unless relieved therefrom by the court. Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956 (1952). We construe the above quoted language from the minutes of the court as sufficient reflection of the facts of entry of a stipulation to the values set forth therein. Peart v. Superior Court, 6 Ariz.App. 6, 429 P.2d 498 (1967). Since the minute entry reflected the stipulation, entry of judgment pursuant thereto was proper. Payne v. Williams, 47 Ariz. 396, 56 P.2d 186 (1936). Appellant is therefore foreclosed from challenging on appeal a judgment to which she consented. Cofield v. Sanders, 9 Ariz.App. 240, 451 P.2d 320 (1969).

Finding no error in the proceedings below, we affirm.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. We have held that taxes collected upon assessment which are discriminatorily excessive by reason of systematic and intentional practices are "illegally collected" within the terms of A.R.S. § 42–204, as amended, and if paid under protest may be recovered thereunder. Drachman v. Jay, 4 Ariz.App. 70, 417 P.2d 704 (1966). See also State Tax Commission v. Superior Court, 104 Ariz. 166, 450 P.2d 103 (1969).