945 P.2d 828

**STATE of Arizona, DEPARTMENT OF ECONOMIC SECURITY, (Lisa M. Schwoegler) Petitioners–Appellees,**

v.

**Lenny J. VALENTINE, Respondent–Appellant.**

No. 1 CA–CV 96–0305.

Court of Appeals of Arizona, Division 1, Department C.

May 15, 1997.

Order Granting Reconsideration Oct. 28, 1997.

Grant Woods, Attorney General by Judith C. Darknall, Assistant Attorney General, Phoenix, for Petitioners–Appellees.

Lenny J. Valentine, Winslow, in propria persona.

## OPINION

GRANT, Judge.

Lenny Valentine ("Respondent") appeals from the trial court's denial of his Motion for Reconsideration and Motion to Set Aside Judgment. For the reasons that follow, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a paternity judgment and order entered in an action by the State of Arizona (the "state"), through its Department of Economic Security ("D.E.S."), filed in 1994 to establish paternity of Lisa Schwoegler's (the biological mother) child who was born in January 1989.

A blood test pursuant to the state's motion and order demonstrated that there was a 99.78% probability that Respondent was the biological father of the child. In October 1995, the state moved for summary judgment regarding paternity based on the test results, and Respondent admitted paternity in his response to the state's motion. Based on the test results and Respondent's admissions, the court entered summary judgment on December 22, 1995, establishing that Respondent was the child's biological father. The court next set a Post–Paternity Establishment Hearing for Support to be held on February 1, 1996.

On December 31, 1995, Respondent filed, and the court denied, a motion to transport him to the hearing from the Arizona State Prison Complex in Florence where he was imprisoned. The court stated in its minute entry that Respondent could appear tele-phonically at his own expense. The court did not enter an order guaranteeing that Respondent would have access to prison telephones on the day and time of the support hearing. The minute entry was sent only to Respondent, but not to the Department of Corrections. Respondent subsequently filed a letter with the court stating that because he could not personally appear at the hearing, he would "refuse to recognize or acknowledge further ... proceedings...."

Despite Respondent's absence, the court held the support hearing and entered current and past support orders on February 9, 1996. On March 8, 1996, Respondent then filed a Motion for Reconsideration and Motion to Set Aside Judgment pursuant to Rule 60(c) of the Arizona Rules of Civil Procedure ("Rule 60(c)"). The court denied those motions on April 23, 1996. Respondent timely filed his Notice of Appeal from the denial of his Motion for Reconsideration and his Motion to Set Aside Judgment on May 23, 1996.

Respondent did not directly appeal the original judgment. Accordingly, this court lacks jurisdiction in this appeal to consider the merits of the paternity and support orders that the trial court entered. A motion for reconsideration does not extend the time to file a notice of appeal. *See* Ariz. Unif. R. Prac. IV(h) ("Rule IV(h)"). Therefore, those orders were appealable under Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(B) by March 6, 1996. However, this court has jurisdiction to decide the issues raised in Respondent's Motion for Reconsideration and Motion to Set Aside Judgment pursuant to A.R.S. section 12–2101(C), and can therefore consider the support issues raised in those motions.

## DISCUSSION

In his Motion for Reconsideration, Respondent raises numerous due process violations and factual disputes relating to the trial court's paternity and support orders. However, these arguments are waived since Rule IV(h) states that a motion for reconsideration or motion to set aside judgment does not toll the time for filing a notice of appeal. Here, a timely notice of appeal was not filed. Therefore, on review we must determine whether

Respondent raised a cognizable claim under Rule 60(c)(6) in the post-hearing motions. Rule 60(c)(6) provides that on motion, and upon such terms as are just, the court may relieve a party from a final judgment for any reason justifying relief from the judgment not addressed in Rule 60(c)(1)–(5).

In his Motion for Reconsideration, Respondent argues that (1) the trial court violated his due process rights by not allowing him to personally appear at the support hearing, and (2) the trial court based its support findings on "fraudulent" information because Respondent is not employed and the support was calculated during his imprisonment when he had no income.

■ Respondent's contention that he was denied due process because he was not allowed to personally appear at the support hearing is without merit. A prisoner's access to the courts is not absolute. *Strube v. Strube,* 158 Ariz. 602, 604, 764 P.2d 731, 733 (1988). The court has discretion to balance the interests of the prisoner against those of other parties and the state, taking into account such factors as whether the prisoner is a security risk, the possibility of delay, and the cost of transportation. *Id.* at 605, 764 P.2d at 734. We must presume that the record in this case supports the trial court's ruling.[1] *See Lewis v. Oliver,* 178 Ariz. 330, 338, 873 P.2d 668, 676 (App.1993), *cert. denied,* 513 U.S. 929, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994). We therefore hold, as have other states, that appearance by telephone is an appropriate alternative to personal appearance. *See Murray v. Murray,* 894 P.2d 607, 608 (Wyo.1995) (An appearance by conference call meets the constitutional requirement of a meaningful opportunity to be heard.).

However, although we hold that the trial court was within its discretion to allow Respondent to attend the support hearing telephonically, the trial court erred by not ordering the Arizona Department of Corrections to provide Respondent access to a telephone at the time of the hearing. The trial court should have been alerted to the need

for this order after Respondent informed the court in his January 1996 letter that he was unable to appear either telephonically or by facsimile, because he was an "indigent prisoner." We disagree with the state that this letter amounted to a "waiver" of Respondent's appearance at this hearing, because Respondent obviously sent the letter out of frustration over the trial court's failure to provide the means for him to participate in the hearing. The trial court's minute entry was sent to Respondent but not to proper prison authorities.

We will reverse the trial court only if this failure resulted in prejudice to Respondent. An error justifying reversal "must be prejudicial to [the] substantial rights of the appealing party"; such error will not be presumed from the record, and any error deemed "harmless" will not warrant reversal. *See, e.g., Dykeman v. Ashton,* 8 Ariz.App. 327, 329, 446 P.2d 26, 28 (1968). Here, Respondent was denied a fair trial because, by not being able to be telephonically present, he was denied his constitutional right to be present at the hearing and confront and cross-examine witnesses. These basic due process violations meet the criteria of Rule 60(c)(6). Rule 60(c)(6) provides that the reason for setting aside the judgment must not be one of the reasons set forth in the five preceding clauses; and second, the "other reason" advanced must be one which justifies relief. *Edsall v. Superior Court In and For Pima County,* 143 Ariz. 240, 243, 693 P.2d 895, 898 (1984); *Webb v. Erickson,* 134 Ariz. 182, 186–87, 655 P.2d 6, 10–11 (1982); *Beal v. State Farm Mut. Auto. Ins. Co.,* 151 Ariz. 514, 520, 729 P.2d 318, 324 (App.1986). In order to determine whether such an error resulted in prejudice or was harmless error, we will analyze Respondent's next argument concerning whether the trial court properly determined child support.

Initially, we note that we must presume that the record supports the trial court's holding because Respondent has failed to provide us with the transcripts. Nonetheless, we must analyze whether the trial court's failure to issue an order to pris-

---

1. We also note that Respondent admits that he is in a maximum security prison and is housed in

protective segregation due to the nature of his convictions.

on officials guaranteeing Respondent's telephonic presence resulted in prejudicial error, and in order to do this, we must examine the merits of Respondent's arguments.

■■■ We will not disturb awards of support absent an abuse of discretion by the trial court. *State ex rel. Dep't of Econ. Sec. v. Ayala*, 185 Ariz. 314, 316, 916 P.2d 504, 506 (App.1996). Respondent has the burden of demonstrating that an error was committed. *Guard v. Maricopa County*, 14 Ariz.App. 187, 188–89, 481 P.2d 873, 874–75 (1971). The obligation to provide a complete record lies with Respondent. *Visco v. Universal Refuse Removal Co.*, 11 Ariz.App. 73, 75, 462 P.2d 90, 92 (1969).

Respondent contends that the trial court improperly entered child support awards without taking into account that while Respondent was in prison, he did not earn even a minimum wage. We cannot determine from the record whether such a support award was proper, and we therefore reverse and remand for the trial court to hold a new support hearing based on the following as guidance.

■■■ First, we hold that any award of past support reaching back until the child's birth is mandatory, and should be calculated pursuant to the Arizona Child Support Guidelines ("Guidelines"), A.R.S. section 25–809(A). Thus, the trial court's award of back support was not improper. The Guidelines do not automatically exempt incarcerated parents. *See Ayala*, 185 Ariz. at 317, 916 P.2d at 507.

■■ Nevertheless, in *Ayala*, we held that while the father's incarceration did not suspend his obligation of support, incarceration is just one "factor" in determining an appropriate amount of child support. *Id.* "[I]ncarceration alone does not justify the suspension of child support obligations." *Id.* The trial court must also consider the incarcerated parent's available assets and income, or possible income, as well as whether application of the Guidelines in a particular case would be "inappropriate and unjust" or in the "best interest" of the child in question. *Id.* at 318, 916 P.2d at 508.

The trial court is instructed to hold a new support hearing considering all factors under the Guidelines, including Respondent's incarceration, in determining his ability to pay child support under the principles enunciated in *Ayala*. We also instruct the trial court to issue an order to the Arizona Department of Corrections to assure that Respondent will be able to participate telephonically at the rehearing, in order to properly protect Respondent's due process rights. The court cannot order Respondent to participate telephonically only at Respondent's own expense as was previously ordered because that is impractical given the fact that Respondent is a prison inmate.

## CONCLUSION

For the reasons stated above, we hold that the trial court improperly denied Respondent's Motion for Reconsideration and Motion to Set Aside Judgment. We therefore reverse and remand this case to the trial court with instructions to set a new hearing for establishing support, pursuant to the Guidelines, after sending an order to the Arizona Department of Corrections mandating that Respondent be given the opportunity to participate telephonically from the Arizona State Prison Complex at the date and time set for rehearing.

KLEINSCHMIDT, J., concurs.

THOMPSON, Presiding Judge, dissenting.

After the trial court denied Respondent's request to be transported from the prison to personally appear at the support hearing and held that he could appear telephonically from prison, Respondent advised the judge by letter that, due to the alleged violation of his due process rights, he would thereafter

> refuse to attend any "Telephonic" manner of hearing, and ... refuse to recognize or acknowledge further participation and responsibility to further proceedings, or to said child.... You can go ahead and make whatever rulings you want in this case, but it will be without me listening on the telephone to it.

Notwithstanding this clear repudiation by Respondent of the opportunity afforded him

to appear and defend in this case, the majority here grants extraordinary relief under Rule 60(c) and holds that we must reverse this judgment because the trial court did not spontaneously order prison officials to set up the very telephone conference in which Respondent had refused to participate. Respondent's letter to the court attacking the proceedings is an obvious and palpable waiver of his right to appear telephonically. Waiver of the due process right to be present at trial may be found by implication. *United States v. Gagnon,* 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). Waiver here is, however, explicit. I would affirm this judgment in all respects.

The majority's assumption that the failure of the trial judge to specifically order the Department of Corrections to arrange a telephonic conference for Respondent caused him to miss the hearing not only flies in the face of the prisoner's express refusal to take part in the proceedings, but is supported by no evidence at all in the record. It is not self-evident that the court's minute entry order directing "that the Respondent may appear telephonically at the hearing set for February 1, 1996 at 10:00 a.m." would not suffice to allow Respondent access to a telephone had he provided a copy to prison officials, and at no time before the hearing did Respondent suggest to the trial judge that some further order was required. On this silent record, we are to presume that the record before the trial court supported the denial of the Rule 60(c) motion, *see Lewis,* 178 Ariz. at 338, 873 P.2d at 676, and thus conclude that Respondent's failure to participate in the hearing by telephone was not due to alleged prison policies which Respondent has never proved.

## SUPPLEMENTAL OPINION

GRANT, Judge.

Following our opinion in this case, the State, on behalf of the Arizona Department of Corrections ("ADOC"), filed a timely Motion for Reconsideration asking for clarification of our instruction to the trial court. The Motion asks us to clarify our opinion by specifying that ADOC is not financially responsible for the costs of any telephonic

hearings in the paternity action to which Valentine, the Respondent here, is a party. Specifically, the State seeks clarification of the following instruction:

> We also instruct the trial court to issue an order to the Arizona Department of Corrections to assure that Respondent will be able to [participate telephonically at the rehearing, in order to properly] protect Respondent's due process rights. The court cannot order Respondent to participate telephonically only at Respondent's own expense as was previously ordered because that is impractical given the fact that Respondent is a prison inmate.

ADOC is concerned that our opinion may be interpreted as requiring ADOC to bear the costs associated with Respondent's telephonic appearance. ADOC asserts that under *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), ADOC has no obligation to assist inmates in paternity actions. The *Lewis* Court states that inmates are entitled to assistance from the State in only two areas: (1) direct appeals from convictions; and (2) civil rights actions—i.e., actions under 42 U.S. § 1983 to vindicate "basic constitutional rights." *Id.* at —— – ——, 116 S.Ct. at 2181–82.

 We grant the State's Motion for Reconsideration and clarify our opinion in this supplemental opinion. The trial court must send ADOC a copy of that court's order allowing Valentine to participate telephonically in the paternity hearing, and ADOC must honor the order by providing Valentine with access to a telephone at the time set for the hearing. ADOC need not pay the cost of the telephone call; however, it must bear the costs of transporting Valentine from his cell to a telephone and of taking whatever security measures are necessary while Valentine is participating in the hearing. Transportation and security costs relating to Valentine's participation in the hearing must be borne by ADOC, just as they would be if Valentine were physically transported to the court to participate in person. If Valentine is indigent the court must pay the cost of the telephone call. If Valentine (or a similarly situated prisoner) is not indigent, then Valentine must pay the cost of the telephone call.

"A parent's right to custody and control of his or her child is fundamental." *Pima County Juv. Severance Action No. S–120171,* 183 Ariz. 546, 548, 905 P.2d 555, 557 (App. 1995) (citing *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)).

KLEINSCHMIDT, J., concurs.

THOMPSON, Presiding Judge, concurring in part, dissenting in part.

I agree with so much of the supplemental opinion as grants reconsideration and clarifies that ADOC need not pay the cost of Valentine's telephone call with the trial court upon rehearing of this matter. For the reasons stated in my dissent to the opinion previously filed in this case, I do not agree that ADOC has further obligations here, as I would affirm the trial court judgment.