35 P.3d 114

Sheriff Joseph M. ARPAIO, Maricopa County Sheriff, Petitioner,

v.

The Honorable Roland J. STEINLE III, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Terry Stewart, Director, Arizona Department of Corrections, Real Party in Interest.

No. 1 CA–SA 01–0237.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 29, 2001.

Richard M. Romley, Maricopa County Attorney by Rene Williams, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Janet Napolitano, Attorney General by Susanna C. Pineda, Assistant Attorney General, Phoenix, Attorneys for Real Party in Interest.

**OPINION**

NOYES, Judge.

¶ 1 The trial court ordered the Sheriff of Maricopa County to transport three prison inmates to a civil trial in Maricopa County. The Sheriff filed this petition for special action, seeking reversal of those orders and arguing that the Arizona Department of Corrections ("ADOC") is responsible for transporting its inmates to court for civil cases. As authority for their respective positions, the Sheriff relies on dicta in two Arizona cases and ADOC relies on the plain language of Arizona Revised Statutes ("A.R.S.") section 31–225 (1996), which provides as follows:

When it is necessary that a person imprisoned by the department [of corrections] be brought before any court, or that a person imprisoned in a county jail be brought before a court in another county, an order may be made for that purpose by the court and executed by the sheriff of the county where the order is made.

Concluding that the statute means what it says, and declining the Sheriff's request to, in effect, add to the statute the words "except in civil cases," we accept jurisdiction and deny relief.

¶ 2 The facts are not in dispute. A group of plaintiffs filed a civil action in the Superior Court in Maricopa County; the defendants included three ADOC inmates. The trial court found that the inmate-defendants' presence was necessary at trial, and it issued orders for their attendance. The orders conflicted in that one directed ADOC to "release" one inmate to the Sheriff at the prison, and two directed ADOC to "deliver" the other two inmates to the Sheriff in Maricopa County. After both the Sheriff and ADOC moved for reconsideration, the trial court made the orders consistent; it directed ADOC to release the inmates to the Sheriff "for the purpose of transportation for trial." The Sheriff ("Petitioner") then filed this petition for special action.

¶ 3 Because the trial court's order is not a final judgment and Petitioner is not a party in the underlying case, Petitioner has no adequate remedy by way of appeal.[1] Also, the petition raises a pure question of law regarding the meaning of A.R.S. § 31–225. That issue is an important one that, having now been raised, appears likely to keep arising until it is resolved. We therefore accept jurisdiction of the petition for special action.[2]

¶ 4 ADOC has the duty to accept physical and legal custody of all persons sentenced to prison.[3] At times, ADOC inmates

1. See Ariz. R.P. Spec. Act. 1(a); see also State v. Hoggatt, 199 Ariz. 440, 441, ¶ 2, 18 P.3d 1239, 1240 (App.2001) (requiring non-parties to seek relief via special action).

2. Holt v. Hotham, 197 Ariz. 614, 615, ¶ 4, 5 P.3d 948, 949 (App.2000); Martin v. Reinstein, 195 Ariz. 293, 300, ¶ 9, 987 P.2d 779, 786 (App.1999).

3. A.R.S. § 31–201.01(A) (1996); Dupnik v. MacDougall, 136 Ariz. 39, 42, 664 P.2d 189, 192 (1983).

may be involved in civil litigation. An inmate's right to attend civil court proceedings lies within a trial court's discretion, but a rebuttable presumption exists that an inmate is entitled to attend "critical proceedings," such as the trial itself, on timely request.[4]

¶ 5 The petition requires interpretation of § 31–225. Statutory interpretation is a question of law that we review *de novo*.[5] We look first to a statute's language as the best and most reliable index of its meaning.[6] If the statute's language is clear and unambiguous, we give effect to that language and apply it without using other means of statutory construction,[7] unless applying the literal language would lead to an absurd result.[8] Words should be given "their natural, obvious, and ordinary meaning." [9]

¶ 6 The statute in question clearly and unambiguously provides that an order that a prison inmate be brought before the court is to be "executed by the sheriff of the county where the order is made." A.R.S. § 31–225. Section 31–225 does not define the term "execute," but the term has an ordinary meaning, namely, "to put into effect: carry out fully and completely." *In re Estate & Guardianship of Vermeersch*, 15 Ariz.App. 315, 317, 488 P.2d 671, 673 (1971) (quoting Webster's Third New International Dictionary); *see also* Black's Law Dictionary 589 (7th ed.1999) (defining "execute" as "[t]o perform or complete (a contract or duty)").

¶ 7 Petitioner concedes that "[a]t first blush, the plain language of the statute suggests that in Arizona, county sheriffs are responsible for transporting any ADOC prisoner upon request of a court in the sheriff's home county." Petitioner argues, however, that it would be absurd to apply the statute

as written and to thus make sheriffs financially responsible for transporting ADOC inmates to court in civil cases because the statute fails to provide sheriffs with reimbursement for time, travel, and lodging. We understand the financial concerns expressed, but Petitioner's "unfunded mandate" argument could be made by ADOC, too, which means that the argument is no reason to reject the plain language of the statute and to shift the mandated duties from Petitioner to ADOC. We find no absurdity in applying the statute as written, and we find nothing in the minimal legislative history to suggest that the statute was intended to mean something other than what it says.

¶ 8 Petitioner argues that, because § 31–225 was originally enacted as § 1306 in the 1901 Penal Code, "the legislature never intended prisoners to attend civil court hearings. Thus, the legislature made no provision for their transportation to civil court hearings." ADOC responds that a history of acquiescence exists regarding transportation of prison inmates to court for civil cases, because sheriffs have been transporting civil-litigant inmates to court pursuant to § 31–225 for many years. Petitioner denies that a "history" of acquiescence exists, but concedes that "sometimes his office has obeyed such court orders rather than fight the order."

¶ 9 We conclude that a background of acquiescence must exist regarding the meaning of § 31–225; otherwise, Petitioner's argument about this 1901 statute would have been litigated long before 2001. When a background of acquiescence in the meaning of a law exists, the court will not disturb that meaning unless it is manifestly erroneous. *Dupnik*, 136 Ariz. at 44, 664 P.2d at 194. We

4. *Strube v. Strube*, 158 Ariz. 602, 606, 764 P.2d 731, 735 (1988).

5. *State Comp. Fund v. Superior Court (EnerGCorp, Inc.)*, 190 Ariz. 371, 374, 948 P.2d 499, 502 (App.1997).

6. *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993).

7. *Calik v. Kongable*, 195 Ariz. 496, 498, ¶ 10, 990 P.2d 1055, 1057 (1999); *State v. Wood*, 198 Ariz. 275, 277, ¶ 7, 8 P.3d 1189, 1191 (App.2000) (review denied Feb. 13, 2001).

8. *See Calik*, 195 Ariz. at 499, ¶ 12, 990 P.2d at 1058.

9. *Samsel v. Allstate Ins. Co.*, 199 Ariz. 480, 483, ¶ 10, 19 P.3d 621, 624 (App.2001) (quoting *Ruiz v. Hull*, 191 Ariz. 441, 450, ¶ 33, 957 P.2d 984, 993 (1998)); *see also* A.R.S. § 1–213 (1995) ("Words and phrases shall be construed according to the common and approved use of the language.").

find no manifest error in giving effect to the plain language of § 31–225.

¶ 10 Petitioner's main argument for a new interpretation of § 31–225 is dicta-based and is stated by Petitioner as follows: "Because these prisoners are in the custody of ADOC, not Sheriff Arpaio, it is ADOC who is required to provide them with their constitutional right to access the courts. This obvious fact can be found in the dicta of two Arizona cases." Petitioner is referring to *Strube* and to *State v. Valentine,* 190 Ariz. 107, 945 P.2d 828 (App.1997).

¶ 11 In *Strube,* an ADOC inmate was not permitted to attend his divorce trial. 158 Ariz. at 604, 764 P.2d at 733. The supreme court stated as follows the only issue it resolved in that case: "On the state of the record before the trial court, was the husband entitled to be personally present at the trial held on his wife's petition for dissolution?" *Id.* In answering that question in the affirmative, the court noted that the inmate failed to request that "prison officials" transport him to court, *id.;* stated that all parties, including "custodial officials," should be allowed to respond to such a request, *id.* at 606, 764 P.2d at 735; and concluded that the trial court should have balanced the interests of the inmate against the interests of the other parties and the state, "including the authorities having custody of the prisoner." *Id.* at 605, 764 P.2d at 734. We conclude that the aforementioned considerations, although relevant to deciding whether the court should order an inmate's presence at a civil trial, cannot be fairly construed as support for an argument that, despite the plain language of § 31–225, ADOC is responsible for executing the order.

¶ 12 In *Valentine,* an ADOC inmate challenged child support orders entered after a hearing in his absence in a paternity case. 190 Ariz. at 109, 945 P.2d at 830. In ordering a new hearing, one in which the inmate could appear from the prison by telephone, *id.* at 111, 945 P.2d at 832, the court stated that "[t]ransportation and security costs relating to Valentine's participation in the [telephonic] hearing must be borne by ADOC, just as they would be if Valentine were physically transported to the court to participate

in person." *Id.* at 112, 945 P.2d at 833 (supplemental opinion). We agree that the *Valentine* dicta supports Petitioner's argument that ADOC should bear transportation costs in civil cases, but we respectfully reject that dicta as authority for any proposition contrary to the plain language of § 31–225, and we have no doubt that the *Valentine* court would have done so as well, if § 31–225 had been an issue in that case.

¶ 13 We conclude that neither *Strube* nor *Valentine* is persuasive support for Petitioner's novel reading of § 31 225. Those cases resolved inmate "access-to-court" issues; they did not resolve inmate "transportation-to-court" issues. The present petition for special action raises an inmate "transportation-to-court" issue that is resolved by the plain language of § 31–225.

¶ 14 Jurisdiction is accepted and relief is denied.

CONCURRING: PHILIP HALL, Presiding Judge and WILLIAM F. GARBARINO, Judge.