HALL v HALL

Docket No. 65798. Submitted May 5, 1983, at Grand Rapids.—Decided September 14, 1983.

George N. Hall, an inmate at the Huron Valley Men's Facility, brought an action for divorce in Ingham Circuit Court against Diana K. Hall. Service was made upon defendant by certified mail since defendant was a resident of Virginia. Thereafter, plaintiff sought to enter a default and petitioned the court for a writ of habeas corpus ad testificandum. By letter, the court, Robert Holmes Bell, J., advised plaintiff that the court did not issue writs of habeas corpus ad testificandum where the prisoner is a plaintiff in a civil suit and the suit was unrelated to incarceration. Plaintiff then moved for leave to testify by deposition. Judge Bell denied that motion. Plaintiff appeals by leave granted. *Held:*

1. Prisoners have a due process right of reasonable access to the courts. That right extends to the bringing of civil actions, including actions for divorce.

2. A prisoner's right of reasonable access to the courts does not include the right to testify in person or by deposition. The question of whether a prisoner shall be allowed to testify personally or by deposition is a question addressed to the discretion of the trial court. In determining that question, the trial court should consider the interests of the prisoner and the interests of the state in restricting the means by which the prisoner can testify personally or by deposition.

3. The trial court abused its discretion by failing to consider the effect the denial of plaintiff's request for leave to testify by deposition would have on plaintiff's ability to present his case where the court had already denied the writ of habeas corpus ad testificandum, since a judgment of divorce may not be granted without the presentation in open court of evidence establishing the statutory grounds for divorce and the only

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 21A Am Jur 2d, Criminal Law § 1027.
[2, 4, 5] 23 Am Jur 2d, Depositions and Discovery § 169.
[3, 4] 39 Am Jur 2d, Habeas Corpus §§ 2, 129.

other possible person who could provide such evidence was defendant who, being a nonresident, was beyond the court's subpoena power.

Reversed and remanded.

1. PRISONS AND PRISONERS — DUE PROCESS — ACCESS TO COURTS — CIVIL ACTIONS — DIVORCE.

A prisoner has a due process right of reasonable access to the courts; that right extends not only to actions related to incarceration but also to general civil actions, including the bringing of a divorce action.

2. PRISONS AND PRISONERS — DUE PROCESS — ACCESS TO COURTS — CIVIL ACTIONS — TESTIMONY.

The due process right of a prisoner of reasonable access to the courts does not create a right to testify personally or by deposition; however, fundamental fairness may require that the prisoner be given some opportunity to present his testimony.

3. PRISONS AND PRISONERS — CIVIL ACTIONS — TESTIMONY — COURTS.

The determination of whether a prisoner's interests in testifying in a civil action outweigh the state's interests in withholding from the prisoner the means necessary for presenting such testimony is a question addressed to the sound discretion of the trial court.

4. PRISONS AND PRISONERS — CIVIL ACTIONS — WRITS — COURTS — TESTIMONY — DEPOSITIONS.

A trial court in deciding whether to issue a writ of habeas corpus ad testificandum to bring a prisoner before the court to give testimony in a civil action brought by the prisoner should consider whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted; if it is determined that the writ should not be issued, the court should consider whether it is satisfactory to have the prisoner testify by deposition and whether it is possible to fashion a deposition procedure which will avoid both prejudice to the prisoner and prejudice to the security of the prison.

5. PRISONS AND PRISONERS — COURTS — DIVORCE — TESTIMONY — DEPOSITIONS.

It is an abuse of discretion for a trial court, in deciding whether to permit a prisoner to testify by deposition in a divorce action brought by the prisoner, to fail to consider whether the denial

of leave to testify by deposition would foreclose the prisoner from presenting his case.

Robert N. Hall, *in propria persona.*

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and P. R. JOSLYN,* JJ.

PER CURIAM. Plaintiff is an inmate at the Huron Valley Men's Facility in Ypsilanti. On April 27, 1982, he filed a complaint for divorce in the Ingham County Circuit Court. On May 6, 1982, plaintiff served defendant by certified mail inasmuch as she was a resident of Virginia. A month later, plaintiff sought to enter a default and petitioned the court for a writ of habeas corpus ad testificandum, GCR 1963, 713. By letter, the court denied the writ. Subsequently, the plaintiff moved for leave to testify by deposition. GCR 1963, 302.2(2). The court denied that motion. Plaintiff now appeals to this Court.

The sole issue on appeal is whether the trial court's refusal to issue a writ of habeas corpus ad testificandum and its denial of plaintiff's motion for leave to testify by deposition denied plaintiff his constitutional right of access to the courts for the purpose of securing a divorce.

It is well settled that a prisoner has a due process right of reasonable access to the courts. *Johnson v Avery,* 393 US 483; 89 S Ct 747; 21 L Ed 2d 718 (1969); *Bounds v Smith,* 430 US 817; 97 S Ct 1491; 52 L Ed 2d 72 (1977). The right extends to actions related to incarceration. *Thompson v Bond,* 421 F Supp 878 (D Mo, 1976); *Andrade v Hauck,* 452 F2d 1071 (CA 5, 1971). Many courts have recognized that an inmate's right of reasonable access to the courts also includes access for

* Circuit judge, sitting on the Court of Appeals by assignment.

general civil legal matters. *Corpus v Estelle,* 551 F2d 68 (CA 5, 1977); *Gomes v Travisono,* 353 F Supp 457 (D RI, 1973), *modified* 490 F2d 1209 (CA 1, 1973), *cert den* 418 US 910; 94 S Ct 3202; 41 L Ed 2d 1156 (1974); *Cross v Powers,* 328 F Supp 899 (WD Wis, 1971); *Souza v Travisono,* 368 F Supp 959 (D RI, 1973), *aff'd* 498 F2d 1120 (CA 1, 1974); *Thompson v Bond, supra.* Courts have recognized a prisoner's right to bring a workers' compensation action, *Delorme v Pierce Freightlines Co,* 353 F Supp 258 (D Or, 1973), a libel action, *Cardillo v Doubleday & Co, Inc,* 518 F2d 638 (CA 2, 1975); *Urgano v News Syndicate Co,* 358 F2d 145 (CA 2, 1966), *cert den* 385 US 831; 87 S Ct 68; 17 L Ed 2d 66 (1966), and, more relevant to the present case, an action for divorce, *Thompson v Bond, supra; Corpus v Estelle, supra.*

We agree with those courts that have acknowledged that a prisoner's right of access to the courts includes the right to bring an action for divorce. In *Boddie v Connecticut,* 401 US 371, 382; 91 S Ct 780; 28 L Ed 2d 113 (1971), the indigent plaintiffs claimed that a state statute requiring the payment of court fees and other costs as a condition for bringing an action denied them their constitutional right of access to the courts for the purpose of obtaining a divorce. The United States Supreme Court found that the marriage relationship has a "basic position * * * in this society's hierarchy of values". 401 US 374. The state, moreover, has monopolized "the means for legally dissolving this relationship". 401 US 374. Consequently, the Court held:

"[A] State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this

legal relationship without affording all citizens access to the means it has prescribed for doing so." 401 US 383.

By its own terms, the holding of *Boddie* applies to "all citizens". Thus, we hold that a prisoner, including the plaintiff, has a due process right of reasonable access to the courts for the purpose of obtaining a divorce.

The plaintiff contends that his right of access to the courts includes a right to testify in person or by deposition. We disagree. In *Wolff v McDonnell,* 418 US 539, 576; 94 S Ct 2963; 41 L Ed 2d 935 (1974), the Supreme Court remarked:

"Finally, the Fourteenth Amendment due process claim based on access to the court, *Ex Parte Hull,* 312 US 546 [61 S Ct 640; 85 L Ed 1034] (1941); *Johnson v Avery,* 393 US 483 [89 S Ct 747; 21 L Ed 2d 718] (1969); *Younger v Gilmore,* 404 US 15 [92 S Ct 250; 30 L Ed 2d 142] (1971), has not been extended by this Court to apply further than protecting the ability of an inmate to prepare a petition or complaint."

Indeed, many courts have held that a plaintiff in a civil suit who is confined in prison has no right to appear personally. See, *e.g., McKinney v Boyle,* 447 F2d 1091 (CA 9, 1971); *Conway v Dunbar,* 448 F2d 765 (CA 9, 1971).

While a prisoner has no right to testify personally or by deposition, fundamental fairness may require that he be given some opportunity to present his testimony. Whether fairness requires the court to allow the plaintiff such an opportunity depends on the particular facts of the case. The issue is essentially whether the plaintiff's interests in presenting his testimony outweigh the state's relevant interests in withholding from him the means necessary for such a presentation. That decision, we believe, rests in the sound discretion

of the trial court. See *In the Matter of Warden of Wisconsin State Prison,* 541 F2d 177 (CA 7, 1976).

The trial court's discretion, however, is not without limitations. When deciding whether it should issue a writ of habeas corpus ad testificandum the court should consider such factors as

"whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Ballard v Spradley,* 557 F2d 476, 480 (CA 5, 1977).

See, also, *Stone v Morris,* 546 F2d 730 (CA 7, 1976); *Matter of Warden of Wisconsin State Prison, supra.* If the court decides to deny the writ, it should consider other possibilities for presenting the testimony. See *Heidelberg v Hammer,* 577 F2d 429 (CA 7, 1978). It may be satisfactory to grant the plaintiff leave to testify by deposition. In that case, the court should consider whether it is possible to fashion a deposition procedure so as to avoid prejudicing the well-being of the plaintiff and the security of the prison. See the Committee Comments to Rule 302.2 found in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 41.

In the present case, the record fails to disclose that the trial court considered the factors identified above in its deliberations on plaintiff's motions.

The court refused to issue the ad testificandum writ because the plaintiff's suit was not related to his incarceration. That is not a sufficient reason for denying the writ.

The court's order denying plaintiff's motion for

leave to testify by deposition offers no reason for its ruling and the record does not indicate that the court was unable to develop a satisfactory deposition procedure. In addition, the record does not indicate that the court considered the impact that a denial of leave to testify by deposition would have on the plaintiff's ability to present his case. In Michigan, a judgment of divorce may not be entered unless evidence has been presented in open court establishing the statutory grounds for divorce. MCL 552.6(3); MSA 25.86(3) provides:

"The court shall enter a judgment dissolving the bonds of matrimony if evidence is presented in open court that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved."

See, also, GCR 1963, 728.3. The requirement also applies to default judgments of divorce. GCR 1963, 728.2(2) provides:

"No judgment of divorce, separate maintenance, or annulment may be entered of course by the default of the defendant, in consequence of any neglect to appear at the hearing of the cause, or by consent. *Every such cause shall be heard in open court, on proofs taken except as otherwise provided by statute or court rule."* (Emphasis added.)

We are aware of no statute nor court rule allowing the entry of a default judgment of divorce in the absence of evidence presented in open court. The only evidence that plaintiff could have presented that would have established the statutory grounds for divorce was his own testimony. Plaintiff's wife, a nonresident, was beyond the subpoena power of the court. See *People v Nieto,* 33 Mich App 535,

538, fn 7; 190 NW2d 579 (1971), *lv den* 385 Mich 771 (1971). Because the plaintiff could effectively present his own testimony only in person or by deposition, once the court refused to issue the ad testificandum writ, its denial of leave to testify by deposition foreclosed the plaintiff from presenting his case. The record is bereft of evidence that the court considered that result when it reviewed plaintiff's motion for leave. Such a result weighs very heavily in favor of granting leave to testify by deposition, and the court should have accorded it that significance.

For the foregoing reasons, the orders of the trial court are reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.[1]

---

[1] We note, but do not hold, that the complaint in the present case probably should have been filed in Washtenaw. County rather than Ingham County. See MCL 552.9; MSA 25.89. On remand, the trial court may wish to consider whether Ingham County is the proper county for venue and, if not, the court may transfer the case *sua sponte* to the proper county pursuant to GCR 1963, 404.