764 P.2d 731

**Chwi Cha STRUBE, Petitioner/Appellee,**

v.

**Stephen Kent STRUBE, Respondent/Appellant.**

**No. CV–87–0470–PR.**

Supreme Court of Arizona, En Banc.

Nov. 15, 1988.

James K. Kerley, Sierra Vista, for petitioner/appellee.

Stephen K. Strube, Florence, pro se.

MOELLER, Justice.

### FACTS AND JURISDICTION

On March 31, 1986, Chwi Cha Strube ("wife") filed in Cochise County Superior Court an action for dissolution of her marriage to Stephen Strube ("husband"). Husband was served in the Arizona State prison at Florence where he was and is a prisoner. Husband filed an *in propria persona* response to the petition.[1] In his response, husband expressed no objection to a dissolution or to an order awarding custody of their son to his wife. However, he did contend that he was entitled to an equitable division of their property and to visitation rights with his son. In a separate letter to the clerk and the presiding judge, he asked that certain property be set aside to him, contending that it had been purchased with money inherited by him from his mother. He asserted that he needed funds to maintain himself in prison and to pay for life insurance and schooling.

On June 10, 1986, the superior court set the petition for dissolution for trial on August 1, 1986. However, on July 14, 1986, another order set the petition for trial on July 28, 1986. The July 14 order stated: "If oral argument has not been requested, the matter will be ruled on by the Court without argument." On July 16, apparently before receiving the July 14 order, husband prepared and mailed a request for an extension of the August 1 trial date. That request stated that husband "is in the process of counseling this matter and seeking the advice of counsel."

On July 21, the court set a hearing on husband's request for extension of time for July 28 (the time of trial under the July 14 order). This July 21 order also provided: "If oral argument has not been requested, the matter will be ruled on by the Court without argument." On July 22, husband prepared and signed his "motion for oral argument," which was filed on July 24. The motion referred to the trial setting and stated that it was being filed because "there are certain factors to which the court must be made aware of, to this dissolution."

On July 28, 1986, the trial court denied husband's request for a trial continuance and also denied his motion for oral argument. The court, apparently on its own initiative, reset the trial from August 1 to August 11. However, on August 8, the trial court reset the trial from August 11 to August 25 at 10:30 a.m. "due to lack of notice to the respondent (husband) of the

---

1. Husband has represented himself throughout these proceedings. The court of appeals denied his request for court appointed counsel on appeal.

minute entry dated July 28, 1986." On August 25, at the request of wife's counsel, the court entered a further order continuing the trial from 10:30 a.m. to 3:00 p.m.

On the afternoon of August 25, in the absence of husband, the trial was held. The only witness was the wife, who was examined by her counsel. After brief testimony covering three and a half pages, the court ruled: "There can be a decree dissolving the marriage of the parties, and the custody and visitation, as well as the division of the property and debts, will be in accordance with the testimony of the petitioner." Thereafter, wife's counsel prepared and lodged a decree which the court signed. The decree dissolved the marriage, granted custody of the son to wife, denied any visitation to husband, and awarded each of three designated assets to wife, together with "all other community property accumulated by the parties herein." Lastly, the decree awarded the 1986 tax refunds to wife as her sole and separate property.

Husband appealed to Division Two of the court of appeals, contending that his constitutional right of access to the courts had been denied. The court of appeals disagreed with husband and affirmed. The court held that: "While appellant was denied the right to appear personally before the court, he was not prevented from being represented by counsel." The court of appeals affirmed the trial court's judgment in all respects. We granted review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23.

### ISSUE PRESENTED

Husband's petition for review lists three interrelated issues. As we analyze the case, the three issues condense to the following single issue:

> On the state of the record before the trial court, was the husband entitled to be personally present at the trial held on his wife's petition for dissolution?

### DISCUSSION

#### 1. The Procedural Setting

■ As we have previously noted, husband has represented himself throughout these proceedings. In the trial court, he did not submit a formal request for a writ of habeas corpus *ad testificandum,* nor did he submit a proposed formal order directing the prison officials to bring him to court. Although the court of appeals found "no abuse of discretion on the part of the trial court in not treating appellant's motion for oral argument as a petition for a writ of habeas corpus *ad testificandum,*" *Strube v. Strube,* No. 2 CA–CV 87–0120, slip op. at 3 (App. Oct. 22, 1987), it acknowledged that "appellant was denied the right to appear personally before the court." *Id.*

In the preceding section of this opinion, we have set forth the chronology of the trial court orders and filings in some detail. Given the language of the court orders and the sequence of filings, husband's request for "oral argument" could only have been construed as a request to be present at trial. We believe the trial court properly treated it as such. The question presented, therefore, is whether the record supports the trial court's denial of husband's request to be present at his dissolution trial.

#### 2. General Principles Applicable to Prisoner Access to the Courts

■ The United States Supreme Court has established that a prisoner has a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72, 78 (1977). This right is founded in the due process clause of the fourteenth amendment. *Wolff v. McDonnell,* 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935, 964 (1974). Of course, a prisoner's right of access is not absolute. *Whitney v. Buckner,* 107 Wash.2d 861, 866, 734 P.2d 485, 488 (1987). However, at a minimum, due process requires that absent a countervailing state interest of overriding significance, prisoners must be afforded *meaningful* access to the courts and an opportunity to be heard. *See Bounds,* 430 U.S. at 822, 97 S.Ct. at 1495, 52 L.Ed.2d at 79; *Boddie v. Connecticut,* 401 U.S. 371, 377, 91 S.Ct. 780, 785, 28 L.Ed.2d 113, 118 (1971).

In the instant case, the court of appeals correctly noted that, under *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), the question of whether to permit a prisoner/litigant in a civil case to be physically present in court is within the trial court's sound discretion. However, *Price* also requires that:

[the trial court's] discretion is to be exercised with the best interest of both the prisoner and the government in mind. If it is apparent that the request of the prisoner to argue personally reflects something more than a mere desire to be freed temporarily from the confines of the prison, that he is capable of conducting an intelligent and responsible argument, and that his presence in the courtroom may be secured without undue convenience or danger, the court would be justified in issuing the writ.

*Id.* at 284–85, 68 S.Ct. at 1059–60, 92 L.Ed. at 1369.

■ The court's discretion should be exercised after balancing the interest of the prisoner against the interests of the other parties and the state, including the authorities having custody of the prisoner. Some of the factors to be considered in balancing the respective interests were set forth in *Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir.1976):

In making his determination the district judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition. [citation omitted]

State courts that have addressed this matter have also employed a balancing test. In *In re Marriage of Allison*, 126 Ill.App.3d 453, 81 Ill.Dec. 610, 467 N.E.2d 310 (1984), a prisoner appealed a decree of dissolution that resulted from a hearing he did not attend. The Illinois court held that the trial court's scant consideration of the prisoner's petition for habeas corpus *ad testificandum* amounted to a failure to exercise its discretion. Reversing the decree, the court stated:

As a minimum, the court could have balanced the interests of the State against the interests of the respondent in being present at the trial and could have made a reasoned exercise of its discretion in the matter.

*Id.* at 463, 81 Ill.Dec. at 617, 467 N.E.2d at 317.

In *Hall v. Hall*, 128 Mich.App. 757, 341 N.W.2d 206 (1983), the prisoner had filed a divorce action. The trial court denied his request to be present. The Michigan Court of Appeals, while acknowledging that a prisoner has no absolute right to testify personally, stated that fundamental fairness may require a court to afford the prisoner the opportunity to do so. The court remarked:

The issue is essentially whether the plaintiff's [prisoner's] interests in presenting his testimony outweigh the state's relevant interests in withholding from him the means necessary for such a presentation. That decision, we believe, rests in the sound discretion of the trial court. [citation omitted]

*Id.* at 761–62, 341 N.W.2d at 209.

As noted in *Stone v. Morris*, a factor to be considered in weighing a prisoner's request to be present is the "substantiality of the matter at issue." In this case, the prisoner requested to be present at a dissolution proceeding initiated by his wife. The United States Supreme Court has recognized that the marital relationship involves fundamental interests of importance to our society. *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). The Court has further held that an individual has a constitutional right of access to courts for the purpose of dissolving a marital relationship. *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113

(1971) (court access for a dissolution proceeding cannot be denied to indigents based on their inability to pay the usual filing fees).

3. Application of the General Principles to This Case

■ Review of the record in this case enables us to make several observations in light of the general principles applicable to questions of prisoner access to the courts. First, from the pleadings and correspondence filed with the court it is apparent that the husband "is capable of conducting an intelligent and responsible argument" within the meaning of *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Nothing in the record reflects that his request is "a mere desire to be freed temporarily from the confines of the prison." Second, the dissolution proceeding the husband desires to attend is certainly "substantial" within the meaning of *Stone v. Morris*, 546 F.2d 730 (7th Cir.1976). Although husband does not contest the issues of custody or dissolution, he does contest the issues of visitation and property division. These are clearly substantial and important issues.

Moreover, the record is devoid of any evidence that would militate against permitting husband's presence on any legally cognizable grounds. There is no suggestion that he presents any particular security risk, or that considerations of cost or inconvenience should preclude his presence. Because prisoners in Arizona are routinely brought to court from prisons and jails for a variety of legal proceedings, we doubt that considerations of cost or inconvenience would often justify denying attendance. In any event, there has been no attempt by anyone in this case to suggest such grounds as a basis for denial of access.

■ Prisoners have a right of access to the courts for legitimate purposes. At least with respect to a significant civil proceeding initiated against a prisoner by others, we hold that there is a presumption that the prisoner is entitled to be personally present at critical proceedings, such as the trial itself, when he has made a timely request to be present. Of course, this is a rebuttable presumption and the ultimate decision is within the sound discretion of the trial court. Not only the parties to the litigation, but custodial officials are entitled to be heard on such a request. In considering requests of this type, a trial court may consider whether there are appropriate alternatives to a prisoner's personal appearance in a given matter. However, we disagree with the court of appeals' conclusion that an appropriate alternative exists merely because the prisoner is entitled to be represented by counsel at his trial. All parties are entitled to be represented by counsel, but that does not mean they, themselves, may be excluded from the trial. We note that parties are also entitled to represent themselves, an option effectively precluded by the trial court's order in this case.

The record in this case fails to show any proper reason to deny the husband's request to be present at his dissolution trial. Under such circumstances, the trial court abused its discretion in denying husband's request to be present.

## CONCLUSION

The memorandum decision of the court of appeals is vacated. The property division and visitation portions of the decree of dissolution are vacated and remanded for a new trial. On the present record, husband is entitled to be personally present at the retrial. If any party or appropriate custodial officials object to husband's personal presence at the retrial, the trial court shall hear and determine such objections prior to retrial in accordance with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.