## IN THE COURT OF APPEALS OF TENNESSEE, AT JACKSON

FILED

**March 18, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

|  |  |  |
|---|---|---|
| **NANCY KNIGHT,** | ) | Carroll County Chancery Court |
|  | ) | No. 97-DR-215 |
| Plaintiff/Appellee. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9804-CH-00094 |
|  | ) |  |
| **HENRY KNIGHT,** | ) |  |
|  | ) |  |
| Defendant/Appellant. | ) |  |
|  | ) |  |

From the Chancery Court of Carroll County at Huntingdon.
**Honorable Walton West, Chancellor**

**Henry Knight**, Pro Se
Defendant/Appellant.

**Laura A. Keeton**,
LAW OFFICES OF ROBERT T. KEETON, Huntingdon, Tennessee
Attorney for Plaintiff/Appellee Nancy Knight.

OPINION FILED:

**VACATED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J.,W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Henry Knight (Husband) appeals the trial court's final decree which awarded Nancy

Knight (Wife) a divorce and distributed to her all of the parties' marital assets. We vacate the trial court's final decree based on our conclusion that the trial court erred in failing to consider Husband's motion that he be transported to the final divorce hearing or, alternatively, that these proceedings be held in abeyance until his release from prison.

Wife was awarded a divorce from Husband on the ground that Husband was guilty of inappropriate marital conduct. In her complaint, filed in October 1997, Wife sought custody of the parties' two minor children but asked the court to reserve the issue of child support until Husband's release from prison. She also sought all of Husband's interest in the marital property. Husband had been incarcerated since August 15, 1995, for the sexual abuse of the parties' oldest child, a daughter. When these divorce proceedings began, the parties' daughter remained in foster care.

Husband filed a responsive pleading and counter-complaint charging Wife with adultery and inappropriate marital conduct. He requested that temporary custody of the parties' youngest child, a son, be awarded to Wife "until further child custody proceedings are brought." He further requested that Wife and their son be allowed to live in the marital home until such time as he is released from incarceration or until she remarries, at which time the property be sold and divided equally between the parties.

Wife was awarded the divorce and custody of the parties' minor son, and Husband was granted supervised visitation. Wife was awarded the marital property as alimony *in solido*. According to the statement of the evidence, the only marital assets of the parties were the marital home and furnishings with a total value of $5,000 on which Wife made payments during Husband's incarceration. The hearing on the divorce was held February 26, 1998, and the amended final decree entered April 17, 1998.

Prior to entry of the decree, Husband filed a "combined motion for appointment of counsel and for order to transport" wherein he requested the trial court to appoint counsel to represent him and also to grant an order to transport him from the correction facility at Tiptonville, Tennessee, to the hearing. In the alternative, he asked that the divorce hearing be held in abeyance

until his release from the Department of Correction in February 1999, thus giving him a chance to retain counsel to defend his rights.

Husband contends on appeal that the trial court erred in failing to grant his motion and in awarding Wife the marital property. The record before us does not contain orders of the trial court acting on the motion. However, it is obvious that the matter was not held in abeyance, inasmuch as it proceeded to trial and, likewise, that Husband was not present, inasmuch as the decree states that the matter was heard upon the pleadings, testimony of Wife heard in open court, statement of counsel, and the entire record.

We do not believe that the trial court erred in failing to appoint counsel to represent Husband. There is no absolute right to counsel in a civil trial. *Lyon v. Lyon*, 765 S.W.2d 759 (Tenn. App. 1988); *In re Rockwell*, 673 S.W.2d 512 (Tenn. App. 1983). The Sixth Amendment right to counsel is limited by its terms to criminal prosecutions. U.S. Const. amend. XI.

Husband's contention that he has the right to be present at the trial or that the matter should be held in abeyance until he is released is more troublesome. The courts are more frequently being asked to consider the rights of an incarcerated party to litigation. The seminal case in this jurisdiction is *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975). There an inmate filed suit to recover a photograph. Noting that the record there did not disclose any need for immediate attention, the trial court's order continuing the matter until plaintiff's release from prison was affirmed. The often-quoted language from that opinion is as follows:

> Art. 1, Sec. 12, of the Constitution of Tennessee provides, in part, "that no conviction shall work corruption of blood or forfeiture of estate".
>
> Art. 1, Section 17 provides, in part, "And every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law".
>
> These constitutional provisions constitute clear and unequivocal declarations of the public policy of this State to the effect that no forfeiture of property rights shall follow conviction for a crime, and that every man shall have a remedy by due course of law for an injury sustained by him.
>
> That the public policy of this State opposes forfeitures for

conviction of crime is well established. ***Fields v. Met. Life Ins. Co.***, 147 Tenn. 464, [249 S.W. 798 (1923)].

We, therefore, hold that a prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; however, this is a qualified and restricted right.

We quote with approval the following language from ***Tabor v. Hardwick***, 224 F. 2d 526 (5th Cir. 1955):

> (W)e think that the principle of the cases [relating to restraint of personal liberty] should not be extended to give them an absolute and unrestricted right to file any civil action they may desire. Otherwise, penitentiary wardens and the courts might be swamped with an endless number of unnecessary and even spurious lawsuits filed by inmates in remote jurisdictions in the hope of obtaining leave to appear at the hearing of any such case, with the consequent disruption of prison routine and concomitant hazard of escape from custody. As a matter of necessity, however regrettable the rule may be, it is well settled that, "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." ***Price v. Johnston***, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060, 92 L. Ed. 1356. 224 F. 2d at 529.

We further quote with approval the following language from ***Seybold v. Milwaukee County Sheriff***, 276 F. Supp. 484 (E.D. Wis. 1967):

> Regardless of the merit of the causes of action stated in their complaints, it must be remembered that the prisoner-plaintiffs have, by their own acts resulting in conviction, placed themselves in a position such that effective prosecution by themselves is not possible without interference by the court with their detention, and it is our opinion that absent unusual circumstances that interference is not warranted. In other words, their unavailability for hearings and trials is due to their convictions, and although the court believes that they should not therefore lose their rights of action by operation of a statute of limitations, we know of no authority compelling us under ordinary circumstances to deliver them from their self-caused restrictions and proceed with their cases as though they could appear at will. 276 F. Supp. at 488.

We note that Sec. 41-604 T.C.A. [now T.C.A. § 41-21-304(a)] provides that "in no civil case can a convict be removed from the penitentiary to give personal attendance at court, but his testimony may be taken by deposition, as in other cases . . . ".

The ensuing section provides for depositions in criminal cases and Sec. 41-606 T.C.A. [now T.C.A. § 41-21-305] authorizes the presiding judge of any court to order the warden of the penitentiary to bring a convict before the court to give testimony for the state in criminal cases, and the next section makes it the duty of the warden

to produce the convict witness. There are no such provisions in our law relating to civil suits.

> We hold that, absent unusual circumstances, prisoners who have filed their civil complaints, unrelated to the legality of their convictions and who have thus protected themselves against the running of any statute of limitations, will not be afforded the opportunity to appear in court to present their cases during their prison terms. Instead such matters will be held in abeyance until the prisoner shall have been released from prison and is in a position to prepare and present his case. We hold that in a proper case, and upon a proper showing of particularized need, the trial judge, in his discretion, may issue an appropriate directive requiring the attendance of the prisoner.

*Whisnant*, 525 S.W.2d at 153-54.

A distinction has been made between incarcerated plaintiffs and defendants. This court has previously held that a party defendant has no absolute right to be in attendance at the hearing of a civil matter. *State v. Moss*, No. 01A01-9708-JV-00424, 1998 WL 122716 (Tenn. App. Mar. 20, 1998); *Cherry v. Cherry*, 1989 WL 155362 (Tenn. App. Dec. 20, 1989).

Where the incarcerated litigant is the plaintiff, the cases suggest otherwise. *Whisnant v. Byrd* appears to have adopted the rule that prisoners who file civil actions unrelated to their conviction will not be afforded the opportunity to appear in court and present their cases while incarcerated, but rather such matters will be held in abeyance until the prisoner is released. However, if the prisoner is able to show a particularized need, the trial court may, in its discretion, issue an appropriate directive requiring the attendance of the prisoner in court. In *Robbins v. Robbins*, 1990 WL 198908 (Tenn. App. Dec. 12, 1990), an inmate serving a life sentence plus twenty-five years filed a *pro se* divorce action seeking to establish visitation with his twelve-year-old son. The trial court ordered that the matter remain on the docket but stayed the action pending plaintiff's release from custody or further orders of the trial court. This court determined that plaintiff had, *prima facie*, shown a "particularized need," that being visitation with his son. The court noted that, because of the length of plaintiff's sentence, to hold the case in abeyance regarding his adjudication to visitation rights with his then minor son involved due process considerations which required an opportunity to be heard, at a minimum by deposition.

In *Smith v. Peebles*, 681 S.W.2d 567 (Tenn. App. 1984), an inmate sued his former attorney for malpractice. The plaintiff filed a motion seeking to have the trial court enter an order requiring the warden to have him present for trial, which was denied. He then filed a motion for a continuance which was likewise denied. The trial court entered an order stating that, due to plaintiff's failure to appear for trial, the matter was dismissed. This court reversed the judgment of the trial court and stated that "[o]n remand, the cause shall be placed on the docket and continued from time to time unless the Trial Judge should find 'upon a proper showing [a] particularized need' to bring the case on for trial. In that event, he may issue 'an appropriate directive requiring the attendance of the [plaintiff] prisoner.' " *Id.* at 569.

The case of *Tolbert v. Tolbert*, No. 03A01-9406-CV-00230, 1994 WL 705230 (Tenn. App. Dec. 15, 1994), dealt with an inmate defendant in a divorce case who did not file a counterclaim. The court noted that one school of thought is that prisoners have no absolute right to appear in civil cases, but may be permitted to do so in the discretion of the court. The second view is that they have no right to appear at their civil trial at all. The court determined the better view to be that as articulated in *Strube v. Strube*, 764 P.2d 731 (Ariz. 1988), and quoted extensively from that opinion as we do here:

> The United States Supreme Court has established that a prisoner has a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72, 78 (1977). This right is founded in the due process clause of the fourteenth amendment. *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 2986, 41 L. Ed. 2d 935, 964 (1974). Of course, a prisoner's right of access is not absolute. *Whitney v. Buckner*, 107 Wash. 2d 861, 866, 734 P.2d 485, 488 (1987). However, at a minimum, due process requires that absent a countervailing state interest of overriding significance, prisoners must be afforded *meaningful* access to the courts and an opportunity to be heard. *See Bounds*, 430 U.S. at 822, 97 S. Ct. at 1495, 52 L. Ed. 2d at 79; *Boddie v. Connecticut*, 401 U.S. 371, 377, 91 S. Ct. 780, 785, 28 L. Ed. 2d 113, 118 (1971).
>
> In the instant case, the court of appeals correctly noted that, under *Price v. Johnston*, 334 U.S. 266, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948), the question of whether to permit a prisoner/litigant in a civil case to be physically present in court is within the trial court's sound discretion. However, *Price* also requires that:
>
>> [the trial court's] discretion is to be exercised with the best interest of both the prisoner and the government in mind. If it is apparent that the request of the prisoner to argue personally reflects something more

than a mere desire to be freed temporarily from the confines of the prison, that he is capable of conducting an intelligent and responsible argument, and that his presence in the courtroom may be secured without undue convenience or danger, the court would be justified in issuing the writ.

*Id*. at 284-85, 68 S. Ct. at 1059-60, 92 L. Ed. at 1369.

The court's discretion should be exercised after balancing the interest of the prisoner against the interests of the other parties and the state, including the authorities having custody of the prisoner. Some of the factors to be considered in balancing the respective interests were set forth in *Stone v. Morris*, 546 F. 2d 730, 735-36 (7th Cir. 1976):

In making his determination the district judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition. [citation omitted]

State courts that have addressed this matter have also employed a balancing test. In *In re Marriage of Allison*, 126 Ill. App. 3d 453, 81 Ill. Dec. 610, 467 N.E.2d 310 (1984), a prisoner appealed a decree of dissolution that resulted from a hearing he did not attend. The Illinois court held that the trial court's scant consideration of the prisoner's petition for habeas corpus *ad testificandum* amounted to a failure to exercise its discretion. Reversing the decree, the court stated:

As a minimum, the court could have balanced the interests of the State against the interests of the respondent in being present at the trial and could have made a reasoned exercise of its discretion in the matter.

*Id*. at 463, 81 Ill. Dec. at 617, 467 N.E.2d at 317.

In *Hall v. Hall*, 128 Mich. App. 757, 341 N.W.2d 206 (1983), the prisoner had filed a divorce action. The trial court denied his request to be present. The Michigan Court of Appeals, while acknowledging that a prisoner has no absolute right to testify personally, stated that fundamental fairness may require a court to afford the prisoner the opportunity to do so. The court remarked:

The issue is essentially whether the plaintiff's [prisoner's] interests in presenting his testimony outweigh the state's relevant interests in withholding from him the means necessary for such a presentation. That decision, we believe, rests in the sound discretion of the trial court. [citation omitted]

*Id*. at 761-62, 341 N.W.2d at 209.

As noted in **Stone v. Morris**, a factor to be considered in weighing a prisoner's request to be present is the "substantiality of the matter at issue." In this case, the prisoner requested to be present at a dissolution proceeding initiated by his wife. The United States Supreme Court has recognized that the marital relationship involves fundamental interests of importance to our society. **Loving v. Virginia**, 388 U.S. 1, 87 S. Ct. 1817, 18 L. Ed. 2d 1010 (1967). The Court has further held that an individual has a constitutional right of access to courts for the purpose of dissolving a marital relationship. **Boddie v. Connecticut**, 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971) (court access for a dissolution proceeding cannot be denied to indigents based on their inability to pay the usual filing fees).

**Strube**, 764 P.2d at 733-35. The court determined in **Tolbert** that, under the record before it, the trial judge did not abuse his discretion and properly refused defendant's request to be present.

In **Brown v. Brown**, No. 01A01-9510-CV-00480, 1996 WL 563877 (Tenn. App. Oct. 4, 1996), the wife of an inmate filed for divorce, and the inmate answered and counterclaimed. He also filed a motion for a bill of particulars and a Motion for Writ of Habeas Corpus **ad Testificandum**. The trial court did not respond to the inmate's motions. On appeal, this court noted that the aforesaid writ is a common-law writ used to enable a prisoner detained in a jail or prison to be brought before the court to give evidence. It further noted that our legislature appears to have shut the door on the use of this writ in civil proceedings by the passage of T.C.A. § 41-21-304(a), which states:

In no civil case can a convict be removed from the penitentiary to give personal attendance at court, but testimony may be taken by deposition, as in other cases, the party seeking the testimony being required to make affidavit that the convict is a material witness in the cause.

T.C.A. § 41-21-304(a) (1997). The court went on to state that "[w]e note, however, that despite the absolute language of the statute, relevant case law supports the proposition that the constitutional rights to due process and reasonable access to the courts may sometimes require that a party litigant be personally present in court, even if the litigant is incarcerated." **Brown**, 1996 WL 563877, at *3.

We believe that Husband, by virtue of filing a counterclaim, is postured in the role of a plaintiff. As previously noted, **Whisnant v. Byrd** held that an inmate has a constitutional right

to institute and prosecute a civil action seeking redress for the vindication of any legal right. That right is qualified and restricted, and the qualification addressed by **Whisnant** is the limited right of inmates to present their cases in court. It held that, absent unusual circumstances, inmates who file civil actions unrelated to the legality of their convictions will not be afforded the opportunity to appear in court to present their cases during their prison terms. Trial courts were directed to hold such matters in abeyance until the inmate is released from prison unless an appropriate directive is issued requiring the attendance of the inmate. **Whisnant**, 525 S.W.2d at 154.

Our supreme court recently had an opportunity to revisit **Whisnant v. Byrd** in **Sanjines v. Ortwein & Associates**, No. 03S01-9712-CV-00139, filed December 21, 1998, _____ S.W.2d ____ (Tenn. 1998). That case dealt with an inmate who filed a complaint alleging legal malpractice against the attorneys who had represented him in a criminal proceeding. On the same day, he filed a **pro se** petition under the Post-Conviction Procedure Act (T.C.A. §§ 40-30-201 to -222) alleging ineffective assistance of counsel in the criminal proceedings. The issue presented was whether the trial court abused its discretion in refusing to grant the plaintiff's motion to stay proceedings in the malpractice case until conclusion of the post-conviction matter. The court noted that, while the court in **Whisnant** was concerned with the rights of inmates to file civil complaints, it did not hold that a stay is necessary in all civil actions filed by incarcerated persons, nor did it hold that such persons have a constitutional right to a stay of their civil actions. The court was concerned only with the rights and qualifications of an inmate to appear in court for trial. The court held that an inmate who is the plaintiff in a legal malpractice case, and at the same time a petitioner in a post-conviction matter involving the same facts, is not entitled to an automatic stay of the malpractice case until the outcome of the post-conviction matter. The court further stated that "[t]o the extent that **Whisnant** can be interpreted as mandating an automatic stay in these cases, it is overruled." **Sanjines**, slip op. at 9 n.7.

It appears from the aforesaid authorities that an incarcerated plaintiff party litigant has the right to appear in court after a hearing on a proper motion and upon a proper showing of a particularized need, and the trial judge may issue an appropriate directive requiring the attendance of the prisoner. The alternative is to hold the matter in abeyance until his release from incarceration. This decision requires examining the significance of the action and the need for immediacy.

However, it is apparent that our legislature has provided a means for the incarcerated litigant to "appear in court" by his deposition pursuant to section 41-21-304(a).

There is no indication in the record before us that the trial court held a hearing on Husband's motion. There is further no indication of a response to the motion being filed by Wife. As previously noted, Husband stated in his motion that he had a release date of February 1999. We are of the opinion that the trial court erred in failing to conduct a hearing upon Husband's motion and in failing to afford him an opportunity to present testimony of himself and/or others by deposition if necessary. We are not unmindful of the practical problems facing an incarcerated, indigent[1] *pro se* litigant in arranging to testify by deposition. Nor do we suggest the onus was upon Wife to depose Husband, thus giving him the opportunity to testify in his own behalf. The record is silent as to Wife's ability to finance a deposition, but the meager marital estate suggests that she is not able to do so.

It results that the judgment of the trial court is vacated and this cause is remanded for a hearing to determine whether, within the court's discretion, Husband is entitled to be transported to Carroll County for a hearing, whether the matter should be held in abeyance until his release, or whether he should be given an opportunity to present his evidence by deposition, interrogatories, or other lawful means. Of course, if Husband has since been released from incarceration, the action on his motion is moot and the matter can proceed to a trial on the merits. As we have previously noted, the trial court reserved the question of child support until Husband's release.

The judgment of the trial court is vacated, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
[1]Husband made an oath of poverty pursuant to T.C.A. § 20-12-127 (Supp. 1995).

_____
LILLARD, J. (Concurs)