ON PETITION FOR WRIT OF MANDAMUS
This extraordinary writ seeks relief under Mississippi Supreme Court Rule 21(a) to review action of a trial court "outside the ambit of the normal appellate practice." Mississippi Supreme Court Practice, Munford, On Point Press. The petition alleges a failure of the Chancery Judges of Harrison County to grant an uncontested irreconcilable divorce without personal appearance of a party or of an attorney.
 I.
Jerry Bullard and his wife, Lanita Bullard, filed a joint complaint for divorce, pro se, in the Chancery Court of Harrison County. The Complaint alleges that Bullard is a resident of Harrison County, but presently incarcerated in the Rankin County Correctional Facility serving a ten year sentence. His wife, Lanita, allegedly is a resident of California. The parties allege that no children were born of the marriage, that irreconcilable differences have developed between the parties, and that they have resolved their property rights by execution of a property settlement agreement which is attached to the Complaint. An affidavit of non-collusion as to the ground for the divorce is attached, together with an affidavit of poverty. The Complaint has been on file for the required sixty day period, but no action has been taken by the Court.
Having no response from the Court, Bullard made inquiry of the chancery clerk as to the status of his case, and was informed that the Chancery Judge required the personal attendance of one of the parties or of their attorney before a decree of divorce would be entered.
Upon learning of this requirement, Bullard has filed with this court a Petition for Writ of Mandamus asking this court to direct the Chancery Judge to enter a divorce decree by signing the proposed decree furnished by the Complainant or to show cause why the same should not be entered. The chancellor was noticed, but elected not to respond.
 II.
The first issue is whether Bullard and his wife may proceed pro se in this civil case. There are constitutional provisions that relate to this question.
The Mississippi Constitution Art. 3, Sec. 25 states that "no person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both." Likewise, Miss. Const. Art. 3, Sec. 24 provides that "all courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of the law, and justice shall be administered without sale, denial, or delay."
Considering all of these provisions, it is without question that the Mississippi Constitution permits a person to represent himself, pro se, in a civil proceeding. It is not necessary that an attorney be employed. However, having elected to proceed without an attorney, a person is bound by the same rules of practice and procedure as an attorney. Needless to say, it is sometimes that a person acts at his peril to proceed in this fashion. Constitutionally speaking, it is permissible for a party to proceed pro se.
 III.
The second issue presented is whether a chancery judge may refuse to hear an uncontested divorce based upon irreconcilable differences, assuming that the pleadings are in order, unless one of the co-complainants or their attorney personally presents the decree to him. The answer to this question brings our consideration to the particular statutory proceeding applicable to this request. A divorce sought on the grounds of irreconcilable differences has a special statute unlike any other proceeding and is governed by Miss. Code Ann. § 93-5-2 (Supp. 1988) which in pertinent part states: *Page 791 
 A joint bill of husband and wife or a bill of complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process, for divorce solely on the ground of irreconcilable differences, shall be taken as confessed and a final decree entered thereon, pro confesso, as in other cases and without proof or testimony in term time or vacation, the provisions of section 93-5-17 to the contrary notwithstanding. No divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.
Since no proof is required under the statute, may be chancellor require Bullard's actual attendance before granting a decree. Other statutes are applicable. Miss. Code Ann. § 93-5-7 deals with conduct of divorce proceedings and provides in pertinent part that:
 The proceedings to obtain a divorce shall be by bill in chancery, and shall be conducted as other suits in chancery . . .
Section 93-5-17 is called "Proceedings to be had in open court" which provides in pertinent part:
 The proceedings to obtain a divorce shall not be heard or considered nor a decree of divorce entered except in open court. A chancellor may in his discretion, hear or consider proceedings to obtain a divorce in vacation and make and enter decrees of divorce in the same manner as he may in other cases that may be heard in vacation pursuant to § 9-5-91. Any decree made or entered contrary to the provisions of this section shall be null and void.
Neither of these sections indicates a requirement that the person seeking a divorce must personally appear before the chancellor, although common sense might indicate that he should. The Uniform Chancery Court Rules apply that common sense approach in cases in which an attorney is employed, as follows:
 RULE 8.04 IRRECONCILABLE DIFFERENCES DIVORCE
 In all irreconcilable differences divorce actions (no-fault), the attorney is required to appear before the Court with the file to request approval of the Agreement and to obtain the signature of the Chancellor to the Judgment for Divorce Irreconcilable Differences.
 The attorney must be prepared to answer all inquiries that may be raised by the Court.
The instant case, however, does not have an attorney involved, making the above rule inapplicable.
It appears, therefore, that the final analysis comes to the chancellor's discretion in this requirement of personal attendance in court. This Court's review of his action is reviewed by the standard of whether the chancellor has abused his discretion. Smith v. Todd, 464 So.2d 1155 (Miss. 1985); Cheekv. Ricker, 431 So.2d 1139 (Miss. 1983); Culbreath v. Johnson,427 So.2d 705 (Miss. 1983).
In this particular case, the facts show the inability of the complainant Bullard to attend court due to his incarceration. His wife resides in California, and has expressed no reason for her ability or inability in this regard. Assuming that there are no procedural shortcoming that have been overlooked, it appears to this Court that there was an abuse of discretion by the chancellor under these facts. There is no reasonable alternative to the complainant Bullard's attendance other than his pending Petition for Writ of Habeas Corpus Ad Testificondum before this Court asking that he be allowed to appear before the chancellor. This avenue would be costly in time and effort on the part of law enforcement in bringing and returning an inmate from prison for this personal legal matter.
The advantages gained by the complainant's personal appearance would by far be outweighed by the expense of securing his presence. Therefore, under these particular *Page 792 
facts, this Court holds that the chancellor abused his discretion and direct that he proceed to evaluate the pending divorce action and the proposed decree for their property without the presence of the resident co-complainant. The assistance of legal aid offices may be available as a viable alternative, to avoid conflict with the Chancery Rule 8.04 and also put pro se cases in an equal status with litigants represented by attorneys.
 IV.
This opinion is not to be construed as favoring so called "mail order" justice, nor to inhibit the use of the postal system for matters which efficiently may be handled in this manner. This Court upholds the chancellor's discretion in these matters which this Court only reverses upon an abusive decision.
Nor does this opinion address the prepayment of costs which is not an issue in this case. Also beyond the facts of this case is any allegation of unauthorized practice of law by some non-lawyer charging a fee, or acting for a reward or promise, directly or indirectly. Miss. Code Ann. § 73-3-55 (Supp. 1988).
This Court, therefore, grants the Petition for Writ of Mandamus against J.S. (Johnny) Morris, Presiding Judge of the Eighth Chancery Court District, Harrison County and directs the chancellor to re-evaluate his policy regarding the pending divorce action of Jerry and Lanita Bullard in light of this opinion and investigate the possibilities of legal service representation or pro bona representation. This Court holds in abeyance the request for a Writ of Habeas Corpus Ad Testificondum pending this reevaluation.
WRIT OF MANDAMUS GRANTED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P. JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.