922 So.2d 40 (2006)
Damon ELLZEY, Appellant
v.
Jessica WHITE, Appellee.
No. 2004-CA-02523-COA.
Court of Appeals of Mississippi.
February 21, 2006.
*41 M. Dave Harbour, attorney for appellant.
Dee Alford Shandy, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On March 3, 2004, Jessica White filed a petition in the Pike County Chancery Court alleging that Damon Ellzey was the father of her child, Devin Ashton White, born February 17, 2004. The petition asked the court to adjudicate paternity, grant her custody of Devin, and order Ellzey to pay child support. Shortly thereafter, on March 14, 2004, Ellzey was served with a Rule 81 and a Rule 4 summons to appear and defend said petition on May 3, 2004. During this time a paternity test was performed, with the results concluding that Ellzey was the biological father of Devin. After the hearing an order was entered on May 24, 2004, setting the cause for trial on June 17, 2004.
¶ 2. At the conclusion of the trial, the chancellor adjudicated paternity, granted custody to White, ordered Ellzey to pay $680 per month in child support plus one-half of any non-covered medical expenses, ordered Ellzey to pay White's attorney's fees of $1,545, and awarded Ellzey limited visitation. Shortly thereafter Ellzey filed a motion for a new trial, which was later denied. Aggrieved, Ellzey now appeals to this Court asserting the following issues, which we cite verbatim: (1) whether proper compliance with Rule 81 process is necessary in an initial action for paternity, custody, visitation and support issues; (2) whether the trial court lacked jurisdiction of this child custody and visitation matter due to a failure to comply with the Uniform Child Custody Jurisdiction and Enforcement Act; (3) whether the trial court erred in ordering Ellzey to pay White's attorney's fees; (4) whether the trial court erred in awarding primary physical custody of Devin to White; and (5) whether the trial court erred in setting Ellzey's monthly child support obligation at $680. Finding reversible error in regards to the third and fifth issues, we will address them first.

STANDARD OF REVIEW
¶ 3. The standard of review for domestic cases is abundantly clear. This Court will not disturb the findings of a chancellor unless we find an abuse of discretion, an erroneous application of law, or a manifest error. Andrews v. Williams, 723 So.2d 1175, 1176(¶ 7) (Miss.Ct.App. 1998) (citations omitted). Thus, if we find substantial evidence in the record to support the chancellor's findings, we will not reverse. Wilbourne v. Wilbourne, 748 So.2d 184, 186(¶ 3) (Miss.Ct.App.1999).

DISCUSSION

III. DID THE TRIAL COURT ERR IN ORDERING ELLZEY TO PAY WHITE'S ATTORNEY'S FEES?
¶ 4. The award of attorney's fees is governed by (1) the relative financial ability of the parties, (2) the skill and standing of the attorney employed, (3) the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, (4) the time and *42 labor required, (5) the usual and customary charge in the community, and (6) the preclusion of other employment by the attorney due to the acceptance of the case. McKee v. McKee, 418 So.2d 764, 767 (Miss. 1982).
¶ 5. During the chancellor's bench opinion at the end of the trial, the following exchange occurred:
Ms. Shandy (White's attorney): Your Honor, Jessica asked for attorney's fees.
The Court: I overlooked that.
Ms. White: I wouldn't expect him to pay it all at once. I do understand it's a large amount.
The Court: Well, as I understand it, there was some question about paternity at some point in time and it has been necessary to go through that process. I do think an attorney's fee is appropriate. You tell me a reasonable period of time that you could pay that.
Mr. Ellzey: Do I have to pay all of it?
The Court: Whatever the court orders you to pay. Fifteen forty-five is the amount requested. Give me a time period that you think is reasonable for you to do that?
Mr. Ellzey: I do have to pay all of it?
The Court: Unless you can show me a reason why you shouldn't. It seems to me that the fee is reasonable.
¶ 6. At no point in the record does the chancellor discuss any of the McKee factors in his decision to award White attorney's fees. The chancellor failed to make a finding that White was unable to pay her attorney's fees, a factor necessary in making such an award. See Johnson v. Johnson, 650 So.2d 1281, 1288 (Miss.1994). We find that the chancellor erred in awarding attorney's fees to White and reverse for the chancellor to make specific findings on remand.

V. DID THE TRIAL COURT ERR IN SETTING ELLZEY'S CHILD SUPPORT OBLIGATION AT $680 PER MONTH?
¶ 7. In his fifth issue, Ellzey argues that the trial court erred in ordering him to pay $680 per month in child support. In this case, we cannot find that there was substantial evidence for the chancellor's determination of Ellzey's adjusted gross income. Although not admitted into evidence, the chancellor references Ellzey's Rule 8.05 Financial Declaration, wherein Ellzey stated that he made $1,720 gross monthly income from working as a manager at Babes Show Club. White, who also used to work at Babes, testified that managers can make substantial money from tips, as much as $150 to $300 per night. The chancellor "tried to compute an income for [Ellzey] based upon the testimony available ...." and concluded that Ellzey's gross monthly income, inclusive of these supposed tips, was in excess of $6,000 before taxes.
¶ 8. Ellzey also owns a seasonal waterfront bar in Louisiana and testified that he would make anywhere from $500 to $600 per weekend. However, Ellzey testified that that total does not include the deduction of business expenses, such as the mortgage, alcohol, and electric bills. It is unclear from the record as to how the chancellor calculated the amount of Ellzey's adjusted gross income. From the record before us, we cannot find substantial evidence for the chancellor's conclusion that Ellzey makes over $6,000 per month. We find that the chancellor abused his discretion in finding such; thus, we reverse and remand for a new hearing on the issue of the amount of child support.

*43 I. WAS RULE 81 PROPERLY COMPLIED WITH?
¶ 9. Ellzey argues that Rule 81 was not complied with because the date for the June 17, 2004, hearing was not entered into the record on the date of the May 3, 2004, hearing. According to Rule 81(d)(5), "If such action or matter is not heard on the day set for hearing, it may by order signed on that day be continued to a later day for hearing without additional summons on the defendant or respondent." However, the right to contest the trial court's jurisdiction based upon a claimed problem with service may be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity. Schustz v. Buccaneer, Inc., 850 So.2d 209, 213(¶ 15) (Miss. Ct.App.2003). Furthermore, a person representing himself pro se is bound by the same rules of practice and procedure as an attorney. Bullard v. Morris, 547 So.2d 789, 790 (Miss.1989). Ellzey defended himself before the court and, according to the transcript, was given the opportunity to address the court as well as cross-examine White. We find no merit to this issue.

II. DID THE TRIAL COURT LACK JURISDICTION OF THE CHILD CUSTODY AND VISITATION MATTER DUE TO A FAILURE TO COMPLY WITH THE UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT?
¶ 10. According to Mississippi Code Annotated Section 93-27-209 (Rev.2004), certain information must be submitted to the court in matters relating to child custody. This information may be permitted in the first pleadings or in an attached affidavit. In the case at bar, White's initial petition complies with the dictates of Section 93-27-209. We find no merit to this issue.

IV. DID THE TRIAL COURT ERR IN AWARDING PRIMARY PHYSICAL CUSTODY OF THE CHILD TO WHITE?
¶ 11. Ellzey argues that there was insufficient evidence to support the chancellor's decision to award custody to White and that the chancellor failed to apply the Albright factors. However, it is evident from the record that the parties withdrew the issue of custody. During the hearing the chancellor stated that custody was not an issue, only visitation. This issue is without merit.
¶ 12. THE JUDGMENT OF THE PIKE COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.