944 So.2d 134 (2006)
Lawrence Ronald FISHER, Appellant
v.
Sharla Jean Ferguson FISHER, Appellee.
No. 2005-CP-01432-COA.
Court of Appeals of Mississippi.
December 5, 2006.
*135 Lawrence Ronald Fisher, appellant, pro se.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.

FACTS
¶ 1. Lawrence Ronald Fisher ("Fisher") and Sharla Jean Ferguson Fisher ("Sharla") were married on June 2, 1989, and separated in April of 1992. The couple married while Fisher was incarcerated in the State Penitentiary at Parchman. No children were born from the marriage.
¶ 2. On January 16, 2004, Fisher filed for divorce on the ground of willful, continued and obstinate desertion for over one year. At the time of filing, Fisher had not spoken to or had any contact with Sharla for more than ten years. On March 19, 2004, Fisher filed a motion to transport an inmate, himself, to the Sunflower Chancery Court for the divorce hearing, which the chancellor denied. As an alternative to making a personal appearance in court, Fisher then filed a motion to allow testimony by deposition upon written questions. The Chancellor granted this motion. Fisher then filed a motion for entry of judgment on August 6, 2004.
¶ 3. Written depositions from Fisher and Lt. Aslee Stevenson, Corrections Supervisor for Visitation at Parchman, were read into the record at the hearing on February 15, 2005. Fisher noted that after their marriage, Sharla regularly visited him in prison. The couple enjoyed conjugal visits and according to Fisher, Sharla never missed a visiting day until they separated in April of 1992.
¶ 4. The last time Fisher had any contact with Sharla was in April of 1992. Fisher attempted to call and write to Sharla, but the calls were unanswered and the letters returned. In April of 1998, Sharla was removed from Fisher's visitation list. Lt. Stevenson confirmed in his deposition that during the period of 1994 through August 2004, Fisher did not receive any visits from Sharla. The visitation logbook entries were introduced into the record as evidence.
¶ 5. Following the deposition testimony, Fisher's attorney rested. Sharla was not present at trial, nor did she have counsel present. Therefore, no evidence was presented for the defense. The Chancellor denied Fisher a divorce, holding that it was necessary for him to be present in open court in order to obtain the requested prayer for relief. Aggrieved, Fisher appeals, raising the following issues:
I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING FISHER'S ACCESS TO THE COURTS AND ERRED IN DENYING FISHER A DIVORCE
¶ 6. Finding error, we reverse and remand.

*136 LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING FISHER'S ACCESS TO THE COURTS AND ERRED IN DENYING FISHER A DIVORCE.
¶ 7. Fisher argues that the trial court erred by denying him access to the court and denying his prayer for a divorce. It is well settled in Mississippi law that we will not disturb a chancellor's findings in a divorce matter unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard. Jundoosing v. Jundoosing, 826 So.2d 85, 88(¶ 10) (Miss.2002).
¶ 8. The United States Supreme Court has established that a prisoner has a constitutional right of access to the courts for claims relating to an actual injury suffered. Lewis v. Casey, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). However, that right is not absolute. Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Whether a prisoner/litigant must be allowed to be physically present in court is within the trial court's discretion. In re Merrell, 658 So.2d 50, 52 (Miss.1995) (citing Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). If it is apparent that the request of the prisoner is merely born of a desire to obtain a "free pass" for the day, or that the burden of securing his visit proves too costly or dangerous, then the court may decline to issue a writ. Id. Therefore, we must balance the "interest of the prisoner against the interests of the other parties and the state, including the authorities having custody of the prisoner." Id.
¶ 9. Fisher filed a motion to transport an inmate so that he could attend the hearing for his divorce. The court denied this motion. Fisher then filed a motion to submit testimony by written deposition from himself and his corroborating witness, Lt. Stevenson, which the court granted. Through his counsel, the written depositions were read into the record which supported Fisher's prayer for relief.
¶ 10. We find that the trial court did not err in denying Fisher's motion to physically transport him to the court for his divorce proceeding. When balancing Fisher's interest in leaving the prison to attend his hearing against those of the state, including judicial costs, transportation fees and safety measures, we cannot say that the trial court abused its discretion.
¶ 11. Problematic in this case, however, is that the court seemingly allowed Fisher access through written depositions, but then stated at trial that Fisher must be physically present in order to obtain relief. The chancellor stated that in seeking a divorce, a party must testify in open court and the testimony must be corroborated by at least one witness. Fisher argues that the written depositions read into the record served as adequate testimony in open court. Fisher claims that the depositions and visitation logbook prove Sharla's desertion by clear and convincing evidence, which satisfies the proof necessary to obtain relief.
¶ 12. The question before us is whether a chancery judge may refuse to grant a divorce based on desertion unless the complainant makes a personal appearance at the hearing. The conduct of divorce proceedings is governed by Section 93-5-7 of the Mississippi Code Annotated (Rev. 2004), which provides in pertinent part that, "The proceedings to obtain a divorce shall be by complaint in chancery, and shall be conducted as other suits in chancery. . . ." Section 93-5-17(1) of the Mississippi Code Annotated (Rev.2004) states in pertinent part, "The proceedings to obtain *137 a divorce shall not be heard or considered nor a judgment of divorce entered except in open court." Further, Section 93-5-19 permits depositions by witnesses in divorce proceedings by stating, "witnesses may be summoned, and examined in open court, as in the trial of issues of fact in the circuit court, or depositions may be taken and read as in other cases and the parties shall be competent witnesses for or against each other." Mississippi Code Annotated § 93-5-19 (Rev.2004).
¶ 13. The plain language of these sections does not require a complainant's personal appearance in open court. Rather, an open court proceeding is the necessary requirement. As Section 93-5-19 states, witness testimony may be given by reading a deposition into the record at trial. Thus, we find no statutory requirement that the party/litigant be physically present in court.
¶ 14. Our supreme court has held that the Mississippi Code does not require a personal appearance from a party seeking an irreconcilable differences divorce. Bullard v. Morris, 547 So.2d 789, 792 (Miss. 1989). In Bullard, the parties filed a joint complaint for divorce. The husband was incarcerated and the wife resided in California. The couple had no children from the marriage. The court reviewed the relevant domestic relations statutes and determined that the chancellor had discretion as to the requirement of a physical appearance. The court also noted that transporting the husband, an inmate, to the court to make an appearance would be costly. Thus, the court directed the chancellor to consider the divorce action in the absence of both complainants.
¶ 15. While we acknowledge that an irreconcilable differences complaint is wholly distinguishable from that of a fault-based ground for divorce, we are nonetheless persuaded by the Bullard opinion. In the present case, the trial court denied Fisher's motion to appear physically at the court, but granted his motion to present relevant testimony via written deposition. We find that per statute, the written depositions adequately served as proper testimony required for a divorce judgment. By rejecting Fisher's motion to physically appear in court and then denying his petition for divorce because he was not present, the chancellor abused her discretion. Once the chancellor granted the motion to admit written depositions as testimony, this should have served as a reliable form of access to the court that Fisher requested.
¶ 16. We note, however, as the court did in Bullard, that this ruling should not be construed as "favoring so called `mail order' justice, nor to inhibit the use of the postal system for matters which efficiently may be handled in this manner." Bullard, 547 So.2d at 792. Therefore, we reverse the chancellor's decision denying Fisher a divorce, and remand to the trial court for further consideration by the chancellor to determine whether Fisher is entitled to a divorce in light of this ruling.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF SUNFLOWER COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.